**In re HART SKI MFG. CO., INC., Debtor.**

**Bankruptcy No. 3–80–200.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

March 4, 1981.

398

Richard D. Holper of Kutak, Rock & Huie, Minneapolis, Minn., for applicant,

Barclays American/Business Credit, Inc. formerly known as Aetna Business Credit, Inc.

John Yilek of Doherty, Rumble & Butler, St. Paul, Minn., for debtor, Hart Ski Mfg. Co., Inc.

William P. Westphal, Sr., Minneapolis, Minn., as and for the U. S. trustee.

William I. Kampf of Kampf & Orey, St. Paul, Minn., for Unsecured Creditors' Committee of Hart Ski Mfg. Co., Inc.

## ORDER

JACOB DIM, Bankruptcy Judge.

The above-entitled matter came on for hearing on December 18, 1980 before the Honorable Jacob Dim, Bankruptcy Judge, on the application of Barclays American/Business Credit, Inc. for approval of the attorneys' fees and disbursements paid by it and to be charged to the account of the debtor, Hart Ski Mfg. Co., Inc. The United States Trustee objected to allowance of the attorneys' fees. The attorneys' fees sought are in the amount of $25,800.00. The disbursements total $2,642.52.

Based on all the evidence submitted and the records, files and pleadings herein, the Court makes the following:

## FINDINGS OF FACT

1. Barclays American/Business Credit, Inc. has applied for approval of the attorneys' fees and disbursements paid by it and to be charged to the account of the debtor, Hart Ski Mfg. Co., Inc.

2. The total amounts sought by the applicant are $25,800.00 for attorneys' fees and $2,642.52 for disbursements.

3. The attorneys' fees represent 339.50 hours of attorney time; 228.50 hours of paralegal or clerk time; and 88.00 hours of staff time.

4. The services were rendered by the firm of Kutak, Rock & Huie. This firm enjoys a deserved reputation as experts in the area of bankruptcy law.

5. The work of the applicant and their cooperation with the debtor in working out the financial problems faced by the debtor were a necessary and integral part of the successful reorganization of the debtor.

6. The hourly average billing rate for attorneys' time was $60.57 an hour. The billing rate for clerk and paralegal time was $20.00 an hour. For word processing the hourly rate was $10.00 an hour; and for messenger services, the hourly rate was $5.00 an hour.

7. The United States Trustee, as a party in interest, has objected to the allowance of fees in regard to the following:

a) Fees for word processing services;

b) Fees for messenger services;

c) Fees in connection with the adversary proceeding initiated by Beatrice Foods Company;

d) Fees in connection with the first meeting of creditors and review of the files;

e) Fees in connection with the debtor's liability insurance and claims by and against sales representatives of the debtor;

f) Fees in connection with certain adversary proceedings;

g) Fees in connection with meetings with the Creditors' Committee; and

h) The determination under § 506(b) that the applicant had security in excess of the debt owed to it.

The United States Trustee has withdrawn his objection to the allowance in connection with the adversary proceeding initiated by Beatrice Food Company.

8. During the pendency of Chapter 11 proceeding, the applicant has been completely paid from proceeds of its collateral.

## CONCLUSIONS OF LAW

1. The allowance of attorneys' fees and disbursements is governed by 11 U.S.C. § 506(d) which states:

To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

2. The agreement between the applicant and the debtor in paragraph 24 of the Supplement to the General Loan Agreement provides:

Expenses—Debtor will reimburse Aetna for all out-of-pocket expenses incurred by Aetna arising out of this transaction including without limitation, filing and recording fees, and reasonable attorney's fees. Aetna is authorized to deduct and withhold from any amount due Debtor and/or to add to any amount due at any time, any and all costs, outlays, attorneys fees and expenses of every kind and character had or incurred in the enforcement of any of the provisions of this Agreement, and preparation for, negotiations regarding, consultations concerning, or the defense of legal proceedings involving any claim or claims made or threatened against Aetna arising out of this transaction or the protection of the collateral securing the loan or advances made hereunder.

3. Under § 506(b), two determinations must be made by the Court. The Court must determine that the attorneys' fees and disbursements sought to be charged to the debtor are within the scope of the underlying agreement. The Court must also determine that any charges are reasonable.

4. There is no ambiguity in paragraph 24 of the loan agreement. The paragraph is written to be as broad as possible. "All out-of-pocket expenses incurred by Aetna" which are the result of their relationship as debtor and creditor are to be paid by the debtor.

5. All the attorneys' fees sought to be charged to the debtor did arise from the relationship between the applicant and the debtor. The applicant, because they were secured by the loan agreement and the Order of this Court, dated February 13, 1980 relating to the use of cash collateral on all assets of the debtor, had an interest in all

claims made against the assets of the debtor.

6. This Court concludes that the attorneys' fees and disbursements are provided for in the agreement under which the debt arose.

7. The $25,800.00 in attorneys' fees and $2,642.52 are reasonable in amount. This Court believes that "commercially reasonable" is the standard for attorney fees to determine reasonableness under § 506(b). The secured creditor is entitled to the indubitable equivalent or full benefit of its bargain. This is the goal of adequate protection and the provisions of §§ 361, 362, 363, and 364. § 506 is inextricably tied to these sections. § 506 is the basis of determining the extent of the secured claim held by a creditor and therefore its right to adequate protection.

8. In making a determination of whether attorneys' fees are commercially reasonable, one factor to be considered is the comparable rate for services of a similar kind. The fees charged to the debtor were well within the range of hourly charges for similar services given the quality of services rendered. Such rates range from $60.00 an hour up to $100.00 an hour. The average rate charged by the applicant of $60.57 an hour was commercially reasonable.

9. The separate billings for word processing and messenger services, rather than being an objection to allowance, allows the Court to more carefully examine the reasonableness of the fees. Rather than being a hidden cost contained in the hourly rate, the separate billing permits the Court to assess the cost and necessity of these services.

10. This Court concludes, as a matter of law, that the collateral securing the applicant's claim exceeds such claim. The entire indebtedness owed to the applicant was paid out of a part of the collateral securing the debt. Out of the remaining collateral, the applicant is entitled to those fees allowed under § 506(b).

11. The applicant, Barclays American/Business Credit, Inc., is entitled to approval of all the fees it seeks to charge to the debtor, Hart Ski Mfg. Co., Inc. The fees are reasonable even if the objections were to be upheld.

### ORDER

Now Therefore, IT IS ORDERED and ADJUDGED that the attorneys' fees and disbursements of Barclays American/Business Credit, Inc., formerly known as Aetna Business Credit, Inc., may be and hereby are a charge against the account of the debtor, Hart Ski Mfg. Co., Inc., and are to be paid as a secured claim.