Warner, Norcross & Judd, Robert H. Skilton, Grand Rapids, Mich., for plaintiff.

Chapter 13 Law Center, Murray B. De Groot, Grand Rapids, Mich., for defendants.

Raymond B. Johnson, Trustee.

**In re Joseph Francis MARINO and Abbie Arlene Marino, Debtors.**

**OLD KENT BANK AND TRUST COMPANY, A Michigan Banking Corporation, Plaintiff,**

v.

**Joseph Francis MARINO, and Abbie Arlene Marino, Defendants.**

**Bankruptcy No. NG 79–02308.**

United States Bankruptcy Court, W. D. Michigan.

June 14, 1982.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

The debtors, Joseph F. and Abbie A. Marino, filed a petition under Chapter 13 of Title 11 of the United States Code on December 10, 1979. Old Kent Bank And Trust Company (Old Kent) was scheduled as a secured creditor holding a mortgage on the debtors' residence. The Chapter 13 plan proposed to make the regular mortgage payments outside the plan and cure any arrearages inside the plan. On November 28, 1980, Old Kent brought an action for relief from the automatic stay, alleging that the debtors had fallen behind in these payments. At the final hearing on Old Kent's petition on February 9, 1981, the Court ordered that the arrearages be cured within 30 days or the stay would be lifted. On August 31, 1981, Old Kent again asked for relief from stay as the debtors had again fallen behind in their payments. On October 26, 1981, the Court ordered the arrearages paid by January 2, 1982. Old

Kent petitioned the Court for another hearing on its relief from stay petition on March 28, 1982, due to its failure to receive payments. At the present time, Old Kent's petition is on open adjournment, and may be brought before the Court on ten days notice.

On January 4, 1982, Old Kent brought a Motion to Compel Distribution under 11 U.S.C. Section 506(b). The essence of the petition is that Old Kent is entitled to have its attorney fees in connection with the above mentioned Adversary Proceeding allowed as an additional secured claim. Patrick E. Mears, Esq., attorney for Old Kent has submitted an affidavit itemizing the fees and expenses incurred.

11 U.S.C. § 506(b) provides:

"(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose."

Debtors' petition schedules the value of the property in question at $31,000.00. Old Kent has filed a proof of claim for $19,489.98. This leaves sufficient equity in the property to cover the claim for attorney fees. The mortgage agreement between debtors and Old Kent provides:

"Mortgagor shall pay to mortgagee a reasonable attorney fee, in addition to all other legal costs, as often as any proceeding is taken to foreclose this Mortgage for default in any of its covenants, which sum shall be an additional lien on said premises under this Mortgage."

This issue for the Court is therefore whether the quoted language entitles the mortgagee to attorney fees for bringing an action for relief from stay which in turn should be allowed as a secured claim pursuant to 11 U.S.C. § 506(b). I would conclude that it does.

The mortgage agreement between debtors and Old Kent provides for the payment of attorney fees for any proceeding brought to foreclose the mortgage on default. While this clause specifically refers to actions to foreclose, due to the pending Chapter 13 proceedings and the operation of the automatic stay, an action for relief from stay is a prerequisite to any action to foreclose the mortgage for failure to make regular payments. While debtors are certainly entitled to the protection of the stay, where their failure to make payments forces creditors to incur legal expenses for automatic stay litigation in order to protect their secured status, debtors should be required to bear the responsibility for those costs.

The case law cited to the Court by counsel for Old Kent supports this conclusion. Under similar provisions in mortgages and security agreements, courts have allowed claims for attorney fees for bringing an action for relief from stay, *In re Carey,* 8 B.R. 1000 (Bkt.Ct.S.D.Calif.1981); attending a valuation hearing, *In re Cipriano,* 8 B.R. 697 (Bkt.Ct.D.R.I.1981); initiating a proceeding to require sequestration of profits from secured property, *In re Oak Glen R-Vee,* 8 B.R. 213 (Bkt.Ct.C.D.Calif.1981); and attending a cash collateral hearing, *In re Hart Ski Co., Inc.,* 9 B.R. 397 (Bkt.Ct.D. Minn.1981). In the case of *In re Burns,* Bankr. Law Rep. (CCH) ¶ 68,550 (Bkt.Ct.M. D.Ga.1982) fees were denied the attorney for the mortgagor for bringing a foreclosure proceeding prior to the bankruptcy filing. The court there concluded that 11 U.S.C. § 506(b) applies only where the property in question is sold by the trustee. I find no basis in the language of the statute to support such a limitation.

One issue addressed in many of the cited cases interpreting 11 U.S.C. § 506(b) is whether attorney fees should be allowed notwithstanding state law holding such clauses in mortgage agreements void as violative of public policy. This is not an issue in the present case, however, as Michigan law gives effect to such clauses allowing reasonable attorney fees. While there is a body of case law holding that clauses stipulating an amount of fees to be awarded are void, the court in *Security Trust Co. v.*

*Solomon,* 241 Mich. 52, 216 N.W. 405 (1927) distinguished those cases in allowing attorney fees to be added to the amount owing on a mortgage where the fees were reasonable compensation for the services rendered. See also *Butzel v. Webster Apartments Co.,* 112 F.2d 362 (6th Cir. 1940); *In re Schafer's Bakery,* 155 F.Supp. 902 (E.D. Mich.1957).

The Court finds the services for which fees are requested were necessary and the amount charged to be reasonable.

Therefore, because the relief prayed for is provided for in 11 U.S.C. § 506(b), an order will enter allowing the claim of Old Kent for attorney fees in the amount of $835.00 as a secured claim to be paid through the debtors' Chapter 13 plan.