**In the Matter of Harlan Page MELSON, a/k/a Page Melson, Debtor.**

**Bankruptcy No. 84–6.**

United States Bankruptcy Court, D. Delaware.

Aug. 15, 1985.

Benjamin F. Shaw, III, Georgetown, Del., for debtor.

H. Clay Davis, Georgetown, Del., for Mellon Bank DE, N.A.

James B. Tyler, III, Georgetown, Del., for Sarah E. Dillon.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

H. Page Melson, debtor, on September 18, 1980, purchased Valley of the Swann's Hotel in Lewes, Delaware. That same day, debtor executed a mortgage in favor of Farmers Bank, now Mellon Bank, and Sarah Dillon to secure a portion of the purchase price. Debtor was in default under the terms of this mortgage at the time he filed a Chapter 13 petition on July 26, 1983. On December 7, 1983, that proceeding was dismissed for inactivity on the motion of the mortgagees who then filed a foreclosure action in the Superior Court of the State of Delaware, in and for Sussex County, on January 5, 1984. The foreclosure action was stayed by the filing of debtor's second Chapter 13 petition that same day. On February 23 debtor filed a motion to convert the case to one under Chapter 11.

On June 8, 1984, mortgagees moved for relief from the automatic stay to proceed with their foreclosure action in Superior Court or, in the alternative, to require debtor to provide adequate protection of their interest in the property. After a hearing on August 21, this court denied mortgagees' motion but ordered debtor to resume payments in accordance with the terms of the mortgage and to provide insurance coverage on the property. The order further provided that if debtor failed to comply, relief from stay would be granted upon the filing and service of mortgagees' affidavit of non-compliance.

On October 12, debtor's motion to convert the case back to a Chapter 13 was granted. On November 29, 1984, debtor's plan was confirmed. It provided for the sale of the hotel property by March 31, 1985, or the property was to be sold at public auction by April 30, 1985. On February 7, 1985, debtor moved the court for leave to omit monthly payments to mortgagees and to transfer the lien on the hotel property to a funeral home owned by debtor, with satisfaction to be made out of proceeds of settlement on the sale of the funeral home. By order dated February 12, 1985, the court approved the sale of the funeral home, but ordered that the mortgage lien on the hotel property be paid directly to the lienholders instead of substituting collateral.

On November 26, 1984, mortgagees filed a proof of claim in the amount of $216,-047.79, including $10,286.99 in counsel fees. Debtor objected to the allowance of attorneys' fees as part of their secured claim on the ground that attorneys' fees are allowed as part of a secured claim only where the secured creditor recovers a judgment pursuant to a judicial foreclosure sale under 10 Del.C. § 3912. The mortgage debt was ultimately repaid by debtor from the proceeds of sale of property other than ·that subject to the lien of mortgage. Mortgagees contend that their claim for fees should be allowed as part of their secured claim under the terms of their mortgage and 11 U.S.C. § 506(b).

Mortgagees' claim for attorneys' fees is not governed by 10 Del.C. § 3912 but is to be determined under 11 U.S.C. § 506(b) which provides that the holder of an allowed secured claim is entitled to fees "provided for under the agreement under which such claim arose" to the extent that the value of the collateral exceeds the amount of the claim.

Under the terms of the mortgage, attorney's fees of 5% of principal and interest are authorized under paragraph 18 which provides in part:

> that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this mortgage, foreclosure by judicial proceeding and sale of the property ... Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorney's fees of 5% of the amount decreed for principal and interest, which fee shall be allowed and paid as part of the decree of judgment in such proceeding.

Fees are recoverable under the terms of the mortgage in situations resulting in "foreclosure by judicial proceeding and sale of property." Mortgagees were forced to bring various actions within the bankruptcy proceeding in an attempt to recover on their collateral. The plan as confirmed provided for the sale of the hotel property to satisfy the lien of mortgage by a specific date after which it was to be sold at public auction. For nearly two years, mortgagees attempted to collect their debt and each time they were close to satisfaction, debtor precluded their recovery by refiling, converting the proceedings or finally, satisfying mortgagees' claim from the proceeds of the sale of other property. But for the bankruptcy, mortgagees would have proceeded with the foreclosure action in state court. The fact that debtor ultimately proposed the sale of property different from that securing the obligation should not prevent mortgagees from recovering attorneys' fees in this situation.

At various points since the initial bankruptcy filing, the value of the hotel property was found to exceed the amount of the mortgagees' claim. They were oversecured. Fees are recoverable under the terms of the mortgage and therefore recoverable under 11 U.S.C. § 506(b).

Section 506(b) permits only the recovery of "reasonable" fees. This requirement is consistent with the purposes of the Code. Therefore, in order to recover attorneys' fees, the mortgagees must submit documentation of the work performed in conformance with the standards prevailing in this Circuit and set out in *Lindy Brothers Builders, Inc. v. American Radiator*, 487 F.2d 161 (3d Cir.1973). Such documentation is required under the Code despite the fact that 5% of the debt collected has been held reasonable in Delaware and that debtor has not challenged the reasonableness of the amount claimed as attorneys' fees.