**In re John H. BRUNEL, Catherine Brunel, Debtors.**

**Bankruptcy No. 85 B 00195 M.**

United States Bankruptcy Court, D. Colorado.

Oct. 28, 1985.

Michael Katch, Denver, Colo., for John and Catherine Brunel.

Steven R. Rider, Aurora, Colo., for Federal Land Bank of Wichita.

JOHN F. McGRATH, Bankruptcy Judge.

## ORDER ALLOWING ATTORNEYS FEES AND COSTS CHARGED TO THE DEBTOR BY FEDERAL LAND BANK OF WICHITA

The issue presented to the Court is whether an oversecured creditor is entitled to attorney's fees, under 11 U.S.C. § 506(b), incurred in pursuing an unsuccessful motion for relief from stay, where the property in question is ultimately sold by the Debtors in full satisfaction of the creditor's claims.

The relevant facts are not in dispute. When the Debtors-in-Possession (Debtors) filed their Chapter 11 petition, they were in default on their secured obligations to the Federal Land Bank of Wichita (FLB). The Debtors proposed a plan of reorganization which included a provision requiring sale of FLB's collateral by January 1, 1987, or the real property would be deeded to FLB in lieu of foreclosure. FLB objected to the proposed plan and sought relief from stay to institute immediate foreclosure proceedings.

The trial of the motion for relief from stay extended over a three day period in the fall of 1984. The Debtors' appraiser valued the property at $1,260,000.00, and FLB's appraiser valued it at $750,000.00. At the time of the hearing, FLB's claim was approximately $670,000.00 and was accruing interest at the rate of $210.00 per day. The Court determined the value of the property to be $1,000,000.00, and, therefore, found FLB to be adequately protected by the equity cushion for the present time, but the Court modified the automatic stay to allow FLB to institute foreclosure proceedings on January 1, 1986, if the property had not been sold by that date. Thus, FLB was partially successful in seeking relief from stay, as it was entitled to obtain possession of the property one year sooner than had been provided for in the Debtors' plan of reorganization. The Debtors ultimately sold the property for $900,000.00, satisfying FLB's claim in full. The Debtors have also agreed to pay certain of the attorney's fees incurred by FLB, totaling $3,799.60. The Debtors object, however, to paying the attorney's fees and costs incurred by FLB in seeking relief from stay, totaling $7,332.35. By agreement of the parties, FLB now holds this sum from the

sale proceeds, and Debtors seek an order that it be repaid to them.

■ FLB's entitlement to attorney's fees is governed by 11 U.S.C. § 506(b), which provides:

To the extent that an allowed secured claim is secured by property, the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

FLB is clearly an oversecured creditor, to which this provision applies. The Deed of Trust executed by the Debtors to FLB contains the following provision:

The grantor (Debtors) covenants and agrees as follows:

7. To reimburse beneficiary (FLB) for all costs and expenses incurred by it in any proceeding to foreclose this Deed of Trust or any suit in which beneficiary may be obliged to defend or protect its rights or lien acquired hereunder, including all abstract fees, court costs, reasonable attorney's fees where allowed by law, and any other expenses; and such sums shall be additional indebtedness secured by this Deed of Trust and shall be paid out of the proceeds of the sale of the property.

A motion seeking relief from stay to proceed with foreclosure can be characterized both as a proceeding incident to "any proceeding to foreclose this Deed of Trust", and also as "any suit ... to ... protect its rights". Therefore, the Deed of Trust would allow the recovery of attorney's fees in this case.

Bankruptcy Courts have strictly construed attorney's fee provisions in deeds of trust, and have disallowed requested fees when they are not authorized under those provisions. See *In re Trombley*, 31 B.R. 386 (Bankr.Vt.1983). In this case, however, the attorney's fee provision is broad and covers actions such as motions for relief from stay. Where fee provisions are broad, the Bankruptcy courts have allowed the recovery of attorney's fees, as long as the fees requested are reasonable. See *In re Minnesota Distillers, Inc.*, 45 B.R. 131 (Bankr.Minn.1984); *In re Harman Supermarket, Inc.*, 44 B.R. 918 (Bankr.W.D.Va. 1984); *In re Central Foundry, Inc.*, 45 B.R. 395 (Bankr.N.D.Ala.1984); *In re Nicfur—Cruz Realty Corp.*, 50 B.R. 162 (Bankr.S.D.N.Y.1985); *In re Dominguez*, 51 B.R. 171 (Bankr.C.D.Calif.1985); *In re Banks*, 31 B.R. 173 (Bankr.N.D.Ala.1982); *In re American Metals Corp.*, 31 B.R. 229 (Bankr.Kan.1983); *In re Calzaretta*, 35 B.R. 92 (Bankr.N.D.Ill.1983); *In re Masnorth Corp.*, 36 B.R. 335 (Bankr.N.D.Ga. 1984); *In re Marino*, 23 B.R. 321 (Bankr. W.D.Mich.1982); *In re Carey*, 8 B.R. 1000 (Bankr.S.D.Calif.1981); *In re LHD Realty Corp.*, 20 B.R. 722 (Bankr.S.D.Ind.1982); *In re Astro-Netics, Inc.*, 28 B.R. 612 (Bankr.E.D.Mich.1983). Since the deed of trust allows for recovery of attorney's fees in this case, this Court must determine whether the fees charged by FLB are reasonable.

■ The reasonableness of fees has two facets. First, the Court must determine whether the actions taken by the creditor were reasonable. If not, the fees must be disallowed in full. If the actions were reasonable, the Court must then determine whether the itemized fees are reasonable, in light of the standards adopted by the Tenth Circuit in *In re Permian Anchor Services, Inc.*, 649 F.2d 763 (10th Cir.1981).

■ Under 11 U.S.C. § 506(b) and the terms of the deed of trust, fees are reasonable only if they are incurred in protecting FLB's rights in the collateral. Thus, routine legal fees for such services as preparing proofs of claims have not been held to be chargeable to the debtor under § 506(b). See *In re Banks*, supra. Fees for seeking relief from stay have been found to be reasonable where the creditor's interest in the property is in jeopardy, such as where there is a dispute regarding the value of the property, *In re Minnesota Distillers*,

*Inc.*, supra.; or when the debtor has failed to comply with a confirmed plan of reorganization, *In re Calzlaretta,* supra.; *In re Marino,* supra.

The Court has located no decision in which a creditor was denied fees solely because the motion for relief from stay was unsuccessful. In contrast, courts have allowed fees, where the creditor acted prudently in seeking to protect its interest in the property. In *In re Harman Supermarket, Inc.,* supra., a creditor filed a motion for relief from stay some three months after the bankruptcy was filed. The motion was denied, the court finding that the creditor was adequately protected. The property was sold, paying the creditor in full. The court allowed two-thirds of the requested fees, disallowing only those that were not adequately documented or were unrelated to the protection of the creditor's interest in the collateral.

In *In re Minnesota Distillers, Inc.,* supra., after an interim stipulation regarding the use of cash collateral expired, the creditor sought relief from stay and to prohibit the further use of cash collateral. The court found that the creditor was oversecured by some $600,000.00, and denied the motion and allowed the use of the cash collateral. The creditor further sought to convert the case, which was subsequently withdrawn when the property was sold, satisfying the creditor's claims in full. The Court found that all fees charged by the creditor were reasonable, as there was considerable confusion as to the true value of the collateral and there was some question as to the stability of the creditor's secured status.

In *In re Nicfur-Cruz Realty Corp.,* supra., the creditor sought relief from stay to foreclose on a $160,000.00 mortgage that was only $1,466.00 in default. While the court noted that it was inherently unreasonable to ask the debtor to reimburse attorneys fees incurred by a creditor that were not cost-justified, the court nevertheless allowed $10,000.00 in post-petition fees to the creditor.

In *In re American Metals Corp.,* supra., the court allowed all attorney's fees requested by the creditor, with minor adjustments, which were incurred in opposing a cash collateral order, in seeking to have an examiner appointed, in contesting an application to incur a $450,000.00 line of credit secured by a lien senior to the creditor's, in moving to convert, and in seeking relief from stay. The case was ultimately converted and the creditor was paid in full on liquidation.

In *In re Masnorth,* supra., the court allowed certain fees in connection with seeking relief from stay and in objecting to confirmation, even through the creditor had an equity cushion of $100,000.00 and its right to recourse against the property was not seriously in jeopardy. In *In re Carey,* supra., the creditor sought relief from stay one month after the bankruptcy was filed. After a preliminary hearing, the debtor sold the property and paid the creditor in full, which then dismissed its motion for relief from stay. The court allowed all the fees and costs requested by the creditor.

■ Given the foregoing decisions, there is considerable precedent for allowing attorney's fees incurred in seeking relief from stay, even though the motion is unsuccessful or never ruled on. The key criterion is whether the creditor acted reasonably in seeking relief from stay. In this case, there was a substantial dispute regarding the value of the property, and the arrearages were significant. The litigation extended over three days, indicating that the issue was hotly contested. While FLB did not obtain immediate relief from stay, the stay was modified so that it could begin foreclosure proceedings one year earlier than would have been allowed under the Debtors' plan. Thus, FLB was not totally unsuccessful. In this case, the Court finds that FLB acted reasonably in seeking relief from stay and is thus entitled to an allowance of reasonable attorney's fees.

The Court recognizes the Debtors' concern that, by allowing attorney's fees to an

oversecured creditor who unsuccessfully seeks relief from stay, creditors may be encouraged to file frivolous motions merely to harass the debtor. The Courts' role in allowing only reasonable fees will prevent these abuses. The reported cases reflect a prevailing attitude among the courts to disallow fees for actions taken by creditors that were unreasonable or unnecessary. See *In re Harman Supermarket, Inc.*, supra.; *In re Central Foundry, Inc.*, supra; *In re Nicfur-Cruz Realty Corp.*, supra.

This Court will deduct any fees for services that were not necessary, and fees that exceed reasonable amounts. The Court cannot, however, as Debtors request, create a per se rule that an oversecured creditor who unsuccessfully seeks relief from stay will be denied recovery of the fees incurred in that proceeding.

The itemized statements submitted by the attorneys for FLB break the fees charged to the Debtors into two categories, general bankruptcy and relief matter. The fees related to the general bankruptcy are not contested by the Debtors. The balance of fees, attorney's fees of $4,222.35, abstract costs of $120.00 and appraiser's fees of $2,990.00 are challenged by the Debtors. The Court will allow the abstract costs and appraiser's fees in full, as the Court determined that FLB acted reasonably in seeking relief from stay and the broad language of the deed of trust allows for recovery of these costs.

Having reviewed the itemized statements with regard to the attorney's fees charged to the Debtors, the Court finds all fees and expenses to have been reasonably and necessarily incurred.

WHEREFORE, IT IS ORDERED that the Federal Land Bank of Wichita may retain all fees and expenses paid to it by the Debtors, including the $3,799.60, related to general matters, the $4,222.35 in attorneys's fees and costs related to the relief from stay, the $120.00 abstract cost, and the $2,990.00 appraisal fee.