## In re TIERRA PETROLEUM, INC., dba Texas Coastal Petroleum of Oklahoma, Inc., Debtor.

### Bankruptcy No. 92–41087.

United States Bankruptcy Court, E.D. Texas, Sherman Division.

Oct. 27, 1994.

---

Gary Derer, Celina, TX, for debtor.

Christopher Graves, Oklahoma City, OK, for Bodard & Hale Drilling Co.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court for consideration the Motion to Approve Attorneys' Fees and Expenses ("Application") filed by Bodard & Hale Drilling Company ("Applicant"). This opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Applicant has a $62,203.72 claim against Debtor for services rendered under a drilling contract (the "Contract"). The claim is secured by an escrow account and a mechanics lien on one of Debtor's wells.

The escrow holds $59,200.00 cash and requires the signature of Applicant before any withdrawal is made. Therefore, Applicant maintains control over this account.

The remaining $3,003.72 of the claim is secured by a mechanic's lien on a well worth over $600,000.00.

Debtor's Plan of Reorganization (the "Plan") proposes to pay all creditors one hundred percent of their claims. Applicant is scheduled to be paid its entire claim.

A cash collateral order is in effect to restrict the use of well proceeds by the Debtor.

The Contract and the Plan provide for allowance of Applicant's attorneys' fees. Accordingly, Applicant is seeking attorneys' fees and expenses in the amounts of $20,992.50 and $2,191.50, respectively.

## DISCUSSION

As an oversecured creditor, Applicant is entitled to recover reasonable attorneys' fees. 11 U.S.C. § 506(b). It is incumbent upon this Court to determine whether the requested fees are reasonable.

In determining the reasonableness of attorneys' fees, this Court is required to apply the lodestar method. *Matter of Lawler*, 807 F.2d 1207 (5th Cir.1987). First, the Court calculates the lodestar, determined by

**108**

multiplying the hours spent on a case times a reasonable hourly rate for each attorney involved; then, the Court adjusts the lodestar by considering subjective factors. *Id.* The twelve *First Colonial*[1] factors should be considered when making adjustments to the lodestar. *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977).

■ When determining the reasonableness of fees incurred by an oversecured creditor under § 506(b), the Court should determine whether the fees were necessary to the protection of the creditor's claim.

■ In the instant case, there was no significant risk of nonpayment for Applicant. Applicant maintained control over the escrow account containing $59,200.00. The remainder of Applicant's claim ($3,003.72) was secured by a lien on a well worth over $600,-000.00. In addition, Debtor's Plan of Reorganization provides for full payment of Applicant's claim.

Certainly, Applicant was required to take some action to protect its interest such as perfecting a lien, researching the escrow account, negotiating a cash collateral agreement, review of the Plan of Reorganization and Disclosure Statement, and preparation of a fee application. However, the Court believes Applicant's request of fees and expenses in the amount of $23,184.00 is excessive.

After considering all the evidence and reviewing the case file, the Court has determined reasonable fees and expenses to be $5,063.75. It is therefore

ORDERED that Applicant is hereby GRANTED attorneys' fees and expenses in the total amount of $5,063.75. It is further

ORDERED that such award is allowed as part of Applicant's secured claim. It is further

ORDERED that all further requested relief is hereby DENIED.

---

1. These factors include: the time and labor involved; the novelty and difficulty of the questions; the skill required to perform the legal services properly; the exclusion of other employment due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and results obtained; the experience, reputation and ability of the attorney; desirability of the case; the nature and length of the professional relationship with the client; and awards in other cases.