# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 03-6069 WA

---

In re:                              *
                                    *
Stephen A. Griffin,                 *
                                    *
    Debtor.                      *
                                    *
Mary McGehee,                       *    Appeal from the United States
                                    *    Bankruptcy Court for the
    Claimant - Appellant,        *    Western District of Arkansas
                                    *
        v.                   *
                                    *
Richard Cox,                        *
                                    *
    Trustee -Appellee.           *

---

Submitted: April 21, 2004
Filed: June 3, 2004

---

Before SCHERMER, FEDERMAN and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Mary McGehee ("McGehee") appeals the bankruptcy court[1] orders disqualifying Attorney Diane Sexton ("Sexton") from representing McGehee and disallowing certain attorneys' fees claimed by McGehee as a component of her secured claim. We have jurisdiction over the appeal of final orders issued by the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we dismiss the appeal of the order disqualifying counsel and we affirm the order determining the amount of fees included in the secured claim.

ISSUES

The first issue on appeal is whether the bankruptcy court abused its discretion in disqualifying Sexton from representing McGehee, a secured creditor, in connection with the bankruptcy of McGehee's son-in-law while Sexton was also representing McGehee's daughter, the debtor's wife, in the same case. We conclude that an order disqualifying an attorney is not a final appealable order. Therefore the appeal of such order must be dismissed.

The second issue on appeal is whether the bankruptcy court abused its discretion in disallowing certain attorneys' fees as a component of McGehee's secured claim. We conclude that the court did not abuse its discretion in disallowing such fees as part of the secured claim.

BACKGROUND

On January 14, 2002, Stephen A. Griffin ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). During the course of the Chapter 11 proceeding, BancorpSouth Bank

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

("Bank") obtained relief from the automatic stay to foreclose its interest in a certain lake house ("Lake House") owned by the Debtor. Barbara Griffin ("Griffin"), the Debtor's wife, asserted a dower interest in the Lake House.

On January 13, 2003, while the Lake House foreclosure proceeding was pending against the Debtor and Griffin, McGehee purchased the Bank's note, deed of trust, and the pending litigation claims with respect to the Lake House and substituted herself as plaintiff in the foreclosure proceeding.

On February 5, 2003, the Debtor's case was converted to Chapter 7. Richard Cox ("Trustee") was appointed Trustee of the Debtor's Chapter 7 bankruptcy estate. The Trustee intervened in the foreclosure proceeding, removed it to bankruptcy court, and eventually obtained an order from the bankruptcy court authorizing him to sell the Lake House.

Attorney Sexton represents Griffin in the Debtor's bankruptcy case. Sexton filed an application to represent the Debtor in the Chapter 7 phase of his case. The bankruptcy court denied the application. Sexton represents McGehee in the Debtor's bankruptcy case. Sexton also represents at least three other creditors in the case.

During the course of the Debtor's bankruptcy case, Griffin began working in Sexton's law office as an assistant. Griffin works for Sexton as partial payment toward the legal fees Sexton has charged for representing Griffin in Griffin's husband's bankruptcy case.

Sexton advised McGehee in connection with her decision to purchase the note and deed of trust encumbering the Lake House. The purchase of the note and deed of trust included the purchase of pending litigation against Griffin. Since that time, Sexton has represented both Griffin and McGehee in the bankruptcy proceeding.

On June 2, 2003, McGehee filed a proof of claim asserting a claim secured by the Lake House in the amount of $353,343.99. The claim was later amended to $371,446.49. On July 9, 2003, the Trustee filed an objection to the proof of claim filed by McGehee. Sexton filed a response to the claim objection on behalf of McGehee. The bankruptcy court conducted a hearing on the objection to claim on July 30, 2003. At the conclusion of the hearing the court sustained the objection to the extent the claim exceeded $304,260.09 and took under advisement the amount of legal fees which should be added to that amount.

On August 5, 2003, the bankruptcy court issued its order for Sexton to show cause why sanctions should not be imposed on her pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9011 for her dual representation of McGehee and Griffin in light of a conflict of interest between the two clients, for her filing of frivolous pleadings, and for her submission of a fraudulent exhibit.

The court conducted a hearing on the show cause order on August 27, 2003. Sexton appeared at the hearing on behalf of herself, McGehee, and Griffin. Sexton, McGehee, and Griffin each testified at the hearing. McGehee, who was 82 at the time, gave inconsistent testimony. She stated that no one represented her in connection with the purchase of the Bank's note and deed of trust but later admitted that she had employed Sexton to assure her that it was okay to purchase the note. (Transcript, pp. 9, 11, 17.) She admitted to paying Sexton approximately $50,000 in attorneys' fees, but could not describe with certainty what services were performed by Sexton on her behalf. (Transcript, p. 17.) McGehee was aware that Sexton represented Griffin, but was unaware that she represented three other creditors in connection with the case and that she had attempted to represent the Debtor as well. (Transcript, p. 14.) McGehee testified that she had complete faith in Sexton. (Transcript, p. 13.).

4

Griffin testified that it is difficult for McGehee to remember what's being said and what's being done and that she gets confused about things. (Transcript, pp. 19, 23.)

Sexton attended the Section 341 meeting of creditors while representing several creditors yet charged her entire time at such meeting to McGehee and none of the time to Griffin. Sexton met with both Griffin and McGehee to discuss various matters including the purchase of the note and deed of trust and the applicable interest rate on the note, and charged all time involved to McGehee and none to Griffin. Sexton attended hearings at which no matters relating to McGehee were addressed yet charged all her time to McGehee. (Transcript, pp. 45-46.) Sexton told the bankruptcy court that she had not represented McGehee in connection with the purchase of the note and deed of trust yet charged McGehee $1,650 for meeting with her in connection with the purchase. (Transcript, p. 43-44). Sexton stated that since she did not physically attend the closing, she did not believe that she had represented McGehee in connection with the purchase of the note and deed of trust.

At the conclusion of the hearing, the bankruptcy judge removed Sexton from representing McGehee and granted McGehee a reasonable time to obtain a new attorney. On September 5, 2003, the court entered its order removing Sexton as attorney for McGehee pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7052 ("Removal Order"). On or about September 12, 2003, Attorney Sexton filed a motion on behalf of McGehee to alter or amend the Removal Order ("September 12 Motion to Alter or Amend"). On September 22, 2003, the court entered its order denying the September 12 Motion to Alter or Amend the Removal Order.

On September 12, 2003, the bankruptcy court entered its order allowing McGehee $3,510.00 in legal fees as part of her secured claim and disallowing the balance of fees sought in McGehee's amended proof of claim ("Claim Allowance

Order"). On September 18, 2003, Sexton filed a motion entitled Mary McGehee's Motion to Alter or Amend the Judgment in which Sexton identified herself as the movant and in which she asked the court to alter or amend the order entered September 12, 2003 ("September 18 Motion to Alter or Amend"). On September 23, 2003, the bankruptcy court denied the September 18 Motion to Alter or Amend as an untimely motion to alter or amend the September 5 Removal Order.

On September 24, 2003, a notice of appeal was filed with respect to the Removal Order and the Claim Allowance Order and the orders denying the motions to alter or amend those orders. The notice was filed by Sexton and purports to be an appeal by McGehee through Griffin, as McGehee's attorney-in- fact, and Griffin's attorney, Sexton.[2]

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *Walton v. LaBarge (In re Clark)*, 223 F.3d 859, 862 (8th Cir. 2000). We review a bankruptcy court's decision regarding allowance of fees for an abuse of discretion. *Id*.

A bankruptcy court has discretion to remove an attorney. An order removing an attorney is not a final appealable order. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757 (1985).

---

[2] Admittedly this sentence is confusing. This reflects how the document reads. It appears to be a circuitous means for Sexton to continue representing McGehee contrary to the Removal Order. This confusing practice is the subject of a separate order issued by the bankruptcy court after a later show cause order. See our opinion entered this day in case Number 03-6090.

DISCUSSION

A.      Removal of Attorney

A bankruptcy court has discretion to remove an attorney from further representation of a client where the attorney also represents another client in the same case and the two clients have a conflict of interest. *Brown v. Ramsay (In re Ragar),* 3 F.3d 1174, 1179 (8th Cir. 1993). Such an order of removal is not appealable. *Richardson-Merrell*, 472 U.S. at 440-41, 105 S.Ct. at 2766. Bankruptcy court orders are appealable only if they are final orders; if they relate to the time period for filing plans of reorganization in a Chapter 11 case; or, with leave of court, if they are interlocutory. 28 U.S.C. § 158(a). These rules apply whether the appeal is to the district court or to the bankruptcy appellate panel. 28 U.S.C. § 158(a) and (b).

In *Richardson-Merrell*, the Supreme Court held that an order disqualifying counsel in a civil case is not a final order for purposes of appeal. Admittedly finality is slightly different in the bankruptcy context than in the context of civil litigation. In the bankruptcy context, finality requires that the order leave the bankruptcy court with nothing to do but execute the order; that the delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and that a later reversal on the issue would require recommencement of the entire proceeding. *Yukon Energy Corp. v. Brandon Inv., Inc. (In re Yukon Energy Corp.)*, 138 F.3d 1254, 1258 (8th Cir. 1998). This slightly different standard of finality recognizes that a single bankruptcy case may involve many completely distinct issues which are resolved by orders which are not normally issued in civil litigation. The inability to immediately appeal a particular order, such as an order authorizing the sale of estate property or an order terminating the automatic stay, would effectively preclude appellate relief because the matter would likely be moot by the time the administration of the bankruptcy case has been completed. An order disqualifying counsel is not the type of order unique to the bankruptcy process that falls within the bankruptcy concept of finality.

7

Consequently, the Supreme Court's holding in *Richarson-Merrell* is controlling. The order removing Sexton as McGehee's attorney is not final. *See also Intercontinental Enters., Inc. v. Keller (In re Blinder Robinson & Co., Inc.)*, 132 B.R. 759 (D. Col. 1991).

The Removal Order does not fall within the alternate requirements for an appeal: it does not relate to the time period for filing a Chapter 11 plan nor has leave been granted to appeal the order. Therefore the appeal of the Removal Order must be dismissed.

B.      Disallowance of Certain Attorneys' Fees as Part of Secured Claim

The first issue we must address with respect to the appeal of the Claim Allowance Order is whether or not the appeal was timely. The Trustee argues that the notice of appeal which was filed September 24, 2003, was too late to perfect an appeal of the September 12 Claim Allowance Order. We disagree and conclude that the intervening motion to alter or amend the Claim Allowance Order extended the period to appeal.

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within ten days of the date of the entry of the order on the court's docket.[3] The ten-day period is extended if a party files a timely motion (a) to amend or to make additional findings of fact pursuant to Federal Rule of Bankruptcy Procedure 7052; (b) to alter or amend judgment pursuant to Federal Rule of Bankruptcy Procedure 9023; (c) for a new trial pursuant to Federal Rule of Bankruptcy Procedure 9023; or (d) for relief under Federal Rule of Bankruptcy Procedure 9024 if filed within ten days after entry of the order. Fed. R. Bankr. P.

---

[3] The dates of orders set forth herein reflect the dates the orders were docketed.

8002(b). If such a motion is filed, the ten-day period to appeal does not begin to run until entry of the order resolving the last such motion outstanding.

In the instant case, the Claim Allowance Order was entered on September 12. On September 18, Sexton filed a motion to alter or amend the Claim Allowance Order. In the motion to alter or amend, Sexton cites Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) as authority for the motion and identifies the order entered September 12, 2003, as the order to which the motion is addressed. The court incorrectly attributed the September 18 motion to alter or amend to the September 5 Removal Order and denied the motion as untimely. The docket sheet in this case is confusing as Sexton and McGehee filed many motions to alter or amend various orders within a short period of time. Furthermore, the arguments contained in the motion to alter or amend are not tailored to the Claim Allowance Order; rather the motion addressed Sexton' s health issues. This undoubtedly led to confusion on the part of the bankruptcy court as to which order Sexton was seeking to have altered or amended in the September 18 motion. Nonetheless, the motion to alter or amend specifically refers to the order entered September 12, 2003, and the only order entered September 12, 2003, was the Claim Allowance Order. Therefore, the September 18 motion to alter or amend was a timely motion to alter or amend the Claim Allowance Order.

Next we must address what effect, if any, the motion to alter or amend had on the deadline to appeal the Claim Allowance Order. On its face, the motion to alter or amend was filed under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e). Thus it appears to extend the deadline to file the notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(b). Our analysis must not end there, however. Federal Rule of Bankruptcy Procedure 9023 states that Federal Rule of Civil Procedure 59 applies in bankruptcy cases, except as provided in Rule 3008.

Federal Rule of Bankruptcy Procedure 3008 permits a party in interest to move for reconsideration of an order allowing or disallowing a claim against the estate and directs the court to enter an appropriate order on such a motion after a hearing on notice. The Trustee argues that any motion to reconsider a claim falls within the ambit of Rule 3008, not Rule 9023, and that a motion for reconsideration under Rule 3008 does not extend the deadline to file a notice of appeal under Rule 8002. The answer to this problem requires an analysis of the interplay between Rules 9023 and Rule 3008 and the interpretation of the phrase "except as provided in Rule 3008" contained in Rule 9023.

On its face Rule 3008 is optional; it provides that a party "may" move for reconsideration of an order allowing or disallowing a claim. If a motion is filed under this rule, the court must provide notice and a hearing before ruling on the motion. Rule 3008 imposes no time limit for filing a motion for reconsideration of an order determining a claim. Rule 3008 thus provides a party in interest greater flexibility in seeking reconsideration of an order allowing or disallowing a claim than other types of bankruptcy court orders and ensures notice and the opportunity for a hearing before the court rules on the motion. We do not believe the greater rights afforded to a party who wishes to proceed under Rule 3008 preclude the party from proceeding under Rule 9023 if the party so desires. Therefore, we do not believe that all motions to reconsider claims fall within Rule 3008.

Furthermore, even if the motion were deemed a motion under Rule 3008, it also qualifies as a Rule 9023 motion. Sexton cited Rule 9023 as authority for her motion and filed the motion within the ten-day limit required for a Rule 9023 motion. The court treated the motion as a motion under Rule 9023 and ruled on the motion without notice or a hearing. The fact that McGehee could have been filed a motion under Rule 3008 does not render this motion a Rule 3008 motion.

10

Why is this distinction so important?  Rule 3008 motions do not extend the deadline to file an appeal.  Rule 8002 limits motions which extend the deadline to appeal to motions which are filed within ten days after entry of the order.  Fed. R. Bankr. P. 8002(b).  For purposes of appeal, courts treat motions under Rule 3008 as motions under Rule 9023 if filed within the ten-day limit required for a Rule 9023 motion.  *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873 (5th Cir. 1989); *Fidelity Fin. Serv., Inc. v. Montgomery County Dep't of Human Resources (In re Davis)*, 237 B.R. 177 (M.D. Ala. 1999); *In re Opelika Mfg. Corp.*, 94 B.R. 484 (N.D. Ill. 1988); *Dicker v. Dye (In re Edelman)*, 237 B.R. 146 (B.A.P. 9th Cir. 1999).  The motion to alter or amend served to extend the time period to appeal which did not begin to run until the order denying the motion to alter or amend was entered on September 23.  The September 24 notice of appeal was well within ten days after September 23.  Consequently the notice of appeal was timely.

Next we must address the merits of the Claim Allowance Order.  Pursuant to 11 U.S.C.§ 506(b), the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.  To recover fees, the creditor must establish that it is oversecured in excess of the fees requested; that the fees are reasonable; and that the agreement giving rise to the claim provides for attorneys' fees.  *First Western Bank & Trust v. Drewes (In re Schriock Constr., Inc.)*, 104 F.3d 200, 201 (8th Cir. 1997).  The sole issue before us is the reasonableness of the fees sought.  The bankruptcy court determined that only a portion of the fees sought were reasonable.  The bankruptcy court carefully reviewed the legal work performed by Sexton, evaluated the necessity of the services performed, determined for whose benefit the services were performed, and concluded that only a portion of the fees sought were necessary to protect the interests of McGehee as a secured creditor.  The bankruptcy court disallowed fees for services which did not benefit McGehee and which were not related to the protection of her secured claim.  The bankruptcy court provided detailed information setting forth its reasons for disallowing certain fees.  The bankruptcy court did not abuse its

11

discretion in disallowing certain fees. Accordingly, the Claim Allowance Order must be affirmed.

## CONCLUSIONS

The order disqualifying Sexton from representing McGehee is not a final, appealable order. Therefore we DISMISS the appeal of such order.

The appeal of the order disallowing certain attorneys' fees as a component of McGehee's secured claim was timely. The bankruptcy court did not abuse its discretion in disallowing certain fees as part of the secured claim. Accordingly, we AFFIRM that order.

—————————————————