### In re Jose Luis VALDEZ; aka Jose L. Valdez, Olga Valdez Debtors.

### No. 04–45236.

United States Bankruptcy Court, S.D. Texas, Houston Division.

May 10, 2005.

---

Eloise A. Guzman, Houston, TX, for Debtors Jose Luis Valdez and Olga Valdez.

Felicia M. Sanov, Herzog, Carp & Mc-Manus, R.J. Bryant, Barrett, Burke, Wilson, Castle, Daffin & Frappier, L.L.P., Houston, TX, for the Movant, Bank of America.

Kenneth R. Havis, Chapter 7 Trustee.

## ORDER DENYING FEES AND COSTS

MARVIN ISGUR, Bankruptcy Judge.

The Debtors, Jose and Olga Valdez, filed a petition under chapter 7 on October 28, 2004. On December 1, 2004, Bank of America, a creditor in the above-captioned

bankruptcy case, filed a Motion for Relief from Stay [docket no. 8]. The motion sought to lift the automatic stay on the Debtors' homestead pursuant to 11 U.S.C. § 362(d)(1). The Movant also sought attorneys' fees and expenses. The note and deed of trust executed between the Movant and the Debtors provide, by their terms, for costs and attorneys' fees incurred by the Movant for motions filed to protect its interests. Motions for relief from stay are certainly contemplated as motions to protect a creditor's interests.

The Court held a hearing in this matter on December 23, 2004. Mr. Valdez testified, as did counsel for the Movant. Counsel for the Debtor stipulated that $46,678.15 was still due under the note. The Movant stipulated that the Debtors' Schedule A showed $18,000 in equity in the Debtor's homestead. No evidence was offered to dispute this calculation.

### Relief from Stay

The Court reviewed the Movant's Motion for Relief from Stay under § 362(d). Section 362(d) provides that the court shall grant relief from the stay "with respect to a stay of an act against property under subsection (a) of this section, if . . . the debtor does not have an[y] (sic) equity in such property . . . and such property is not necessary to an effective reorganization. . . ." 11 U.S.C. § 362(d)(2). Without evidence to the contrary, the Court found that the Debtors had $18,000 of equity in the homestead. Accordingly, the Movant's motion failed under § 362(d).

The Court announced at the hearing that it found insufficient cause to lift the stay and the Motion for Relief from Stay was denied. The Court further announced that it would take under advisement whether attorneys' fees should be awarded under these circumstances.

### Attorneys' Fees and Costs

At the hearing, counsel for the Movant testified as to the reasonableness of the fees and costs associated with this motion. Counsel stated that attorneys' fees and expenses for filing and prosecuting the Motion for Relief from Stay amounted to $575.00—$425 in legal fees and $150 in filing fees. Counsel argued that fees and costs should be awarded regardless of whether the Movant prevailed on the motion because the Code provides for such if the agreement between the parties so states. Upon further review, the Court holds that a separate determination must be made that the creditor acted reasonably in bringing the motion. Without such a determination, no fees or costs may be awarded.

■■■ There is no general right to attorneys' fees under the Bankruptcy Code. *In re Nair,* 320 B.R. 119, 124–25 (Bankr. S.D.Tex.2004); *In re Hatala,* 295 B.R. 62, 68 (Bankr.D.N.J.2003); *In re Sokolowski,* 205 F.3d 532, 535 (2nd Cir.2000). Section 506 of the Bankruptcy Code "carves out an exception to that general rule for oversecured creditors." *In re Baroff,* 105 F.3d 439, 441 (9th Cir.1997). Thus, creditors granted attorneys' fees for motions brought under § 362 are awarded fees and expenses pursuant to § 506. Section 506 states, in relevant part:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b). Thus, fees and costs are appropriately granted under § 506(b) provided that the creditor satisfies four elements:

(1) the creditor's claim is an allowed secured claim;

(2) the creditor is oversecured;

(3) the fees are reasonable; and

(4) the fees are provided for under the agreement.

*See, e.g., In re Kamai,* 316 B.R. 544, 548 (9th Cir. BAP 2004); *In re Kord Enterprises II,* 139 F.3d 684, 689 (9th Cir.1998); *In re Williams* 183 B.R. 895, 897 (D.Kan. 1995); *In re Foertsch,* 167 B.R. 555, 562 (Bankr.D.N.D.1994); *In re Salazar* 82 B.R. 538, 540 (9th Cir. BAP 1987). The party seeking reimbursement under § 506(b) carries the burden of proof. *Coward v. AC & S, Inc.,* 91 Fed.Appx. 919, 924 (5th Cir.2004); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995).

In the present case, it is undisputed that the Movant holds an allowed secured claim and that the Movant is oversecured. Further, there is no dispute that the agreement between the Debtors and the Movant provides for fees and costs associated with filing motions such as a motion under § 362(d). Thus, elements (1), (2) and (4) under § 506(b) are satisfied without dispute.

■ In considering element (3), courts have examined whether "the creditor incurred expenses and fees that fall within the scope of the fees provision in the agreement, and took the kinds of actions that similarly situated creditors might reasonably conclude should be taken...." *In re Kord Enters. II,* 139 F.3d 684, 689 (9th Cir.1998) (quoting *In re Carey,* 8 B.R. 1000, 1004 (Bankr.S.D.Cal.1981)). Therefore, the Court must determine two aspects independently: (i) that the fees and costs claimed here are reasonable amounts to charge for filing a motion under § 362, and (ii) that filing the motion was reasonable under the circumstances.

■ Section 506(b) does not differentiate between when a movant wins or loses a claim, but only that the fees and costs must be reasonable. In the present case, the Movant was represented by a firm frequently before the Court on similar matters, and the Movant itself is frequently before the Court on similar motions. Counsel for the Movant testified that the law firm used normal billing procedures for Bank of America, and that roughly three hours were billed for filing and prosecuting the motion. The Court has little doubt that the fees and costs associated with this particular motion are standard. No evidence to the contrary has been offered. The Court finds that $575 in fees and costs associated with filing and prosecuting this motion is reasonable under a § 506 analysis.

■ Nonetheless, a finding that fees charged were reasonable is not enough. Rather, the *action* must be reasonable. In considering whether fees are reasonable under § 506, the Court must independently determine whether the creditor "...took the kind of actions that similarly situated creditors might reasonably conclude should be taken...." *In re Univ. Towers Owners' Corp.,* 278 B.R. 302, 305–06 (D.Conn.2002) (quoting *In re Dalessio,* 74 B.R. 721, 723 (9th Cir. BAP 1987)); *see also In re Brunel,* 54 B.R. 462, 464 (Bankr. D.Colo.1985); *In re Cushard,* 235 B.R. 902, 907 (Bankr.W.D.Mo.1999); *In re West Elec., Inc.,* 158 B.R. 37, 41 (Bankr.D.N.J. 1993). The Court emphasizes that the mere fact that a motion for relief from stay was unsuccessful is not a reason to deny attorneys' fees.

[T]here is considerable precedent for allowing attorneys' fees incurred in seeking relief form stay, even though the motion is unsuccessful or never ruled on. The key criterion is whether the creditor

acted reasonably in seeking relief from stay.

*In re Brunel,* 54 B.R. at 465; *see also In re Mills,* 77 B.R. 413, 418–19 (Bankr. S.D.N.Y.1987); *In re Minnesota Distillers, Inc.,* 45 B.R. 131 (Bankr.D.Minn.1984). Regardless of the outcome on a motion, a finding that the actions taken by a creditor were unreasonable or unnecessary will result in the disallowance of fees. *See, e.g., In re Griffin,* 302 B.R. 1, 3–4 (Bankr.W.D.Ark.2003)(affirmed by *In re Griffin,* 310 B.R. 610 (8th Cir. BAP 2004)); *In re Kord Enters. II,* 139 F.3d at 689–90; *In re Brunel,* 54 B.R. at 466; *In re Harman Supermarket, Inc.,* 44 B.R. 918 (Bankr.W.D.Va.1984); *In re Central Foundry, Co.,* 45 B.R. 395 (Bankr.N.D.Ala. 1984); *In re Nicfur–Cruz Realty Corp.,* 50 B.R. 162 (Bankr.S.D.N.Y.1985).

█ Courts have found actions reasonable in a bankruptcy proceeding "where the mortgagee had been stymied by repeated bankruptcy filings in its efforts to collect the debt owed...where there is a dispute regarding the value of the property and the creditor's interest in the property was in jeopardy...and when the debtor has failed to comply with a confirmed plan of reorganization...." *In re Cushard,* 235 B.R. at 907 (citing *In re Melson,* 54 B.R. 47, 48 (Bankr.D.Del.1985); *In re Minnesota Distillers, Inc.,* 45 B.R. 131; *In re Calzaretta,* 35 B.R. 92 (Bankr. N.D.Ill.1983)). The Fifth Circuit has not stated what amounts to reasonable actions in this context. Some courts use a standard of "commercial reasonableness" under § 506. *See, e.g., In re Minnesota Distillers, Inc.,* 45 B.R. at 135; *In re Hart Ski Mfg. Co., Inc.,* 9 B.R. 397, 400 (Bankr. D.Minn.1981). The Eight Circuit simplifies this test to simply consider whether the action was "prudent"—believing that "commercially reasonable" is encompassed in such a standard. *See, e.g., In re Cush-*

*ard,* 235 B.R. at 907; *In re Brunel,* 54 B.R. at 465; *In re QPL Components, Inc.,* 20 B.R. 342, 345 (Bankr.E.D.N.Y.1982)(stating—under an evaluation of § 506(a)—that commercial reasonableness is achieved by evaluating whether a prudent businessman would employ such tactics). This Court agrees with the Eighth Circuit and holds that the standard is "prudent."

█ Filing a motion for relief from the stay is ordinarily a prudent action taken by a secured creditor when the debtor is in default. Not filing such a motion may be commercially *irresponsible* by failing to protect collateral. However, it is not prudent to seek relief under § 362(d)(2) if the attorney's time is spent on unnecessary or duplicative work, or an attorney's excessive caution or overzealous advocacy. *See, e.g., In re Tierra Petroleum,* 173 B.R. 106, 108 (Bankr.E.D.Tex.1994); *In re Wonder Corp. of Am.,* 82 B.R. 186, 192 (D.Conn. 1988); *In re American Punjab Corp.,* 150 B.R. 763, 767 (Bankr.E.D.Cal.1993); *In re Boulders on the River, Inc.,* 169 B.R. 969, 979 (Bankr.D.Or.1994).

█ Additionally, it is not prudent to seek relief under § 362(d)(2) if the debtor retains substantial equity in the property and no independent cause for relief is alleged under § 362(d)(1). While not exclusive, § 362(d) provides three ways under which a creditor can seek to lift the automatic stay. Section 362(d)(3) only applies to single asset real estate cases and is therefore not relevant to the present case. Section 362(d)(1) provides more flexibility than § 362(d)(2) when a creditor seeks relief, and has no requirement that the debtor not have equity in the property. Section 362(d)(1) states that the stay may be lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Thus, failure to maintain in-

surance on the property, keep taxes current, or filing in bad faith solely to forestall creditors, could be independent forms of relief under § 362(d)(1). *See, e.g., In re Price,* 370 F.3d 362, 373 (3rd Cir.2004); *In re Merchant,* 256 B.R. 572, 577 (Bankr. E.D.Pa.2000).

In the present case, however, the Movant does not allege independent causes for relief under § 362(d)(1)—and there is no reason to believe that the Movant could have prevailed under § 362(d)(1). There is no evidence, for instance, that the Debtors repeatedly missed payments to Bank of America in the past or filed multiple bankruptcies.

Consequently, the Court need only review this case under § 362(d)(2). There is no dispute that the Debtors retained substantial equity in their homestead at the time Bank of America filed its motion. There has been no showing of a dispute regarding the value of the Debtors' homestead or that Bank of America's interest in the property was in jeopardy. The Movant therefore fails to meet its burden and the Movant's motion for relief must fail under § 362(d)(2) due to the showing of substantial equity by the Debtors. Section 506(b) would ordinarily require the Debtors to pay reasonable fees and costs associated with bringing the motion. Bringing a motion under § 362(d)(2) against debtors who retain substantial equity in their homestead, however, is not a commercially prudent decision by a creditor. A commercially imprudent decision to bring a motion for relief cannot be considered reasonable under the language of § 506(b). Thus, the Debtors in the present case cannot be required to pay fees and costs pursuant to § 506(b) for a motion Bank of America brought with no chance of success.

Bank of America's request for fees and costs is denied.