In re HARMAN SUPERMARKET,
INC., Debtor.

In re Louie Emory
CLEVINGER, Debtor.

In re Sidney A. CLEVINGER & Verta
Lee Clevinger, Debtors.

Bankruptcy Nos. 7–82–01360, 7–82–01361
and 7–82–01359.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Dec. 11, 1984.

Robert T. Copeland, Abingdon, Va., for debtors.

Cynthia D. Kinser, Pennington Gap, Va., Chapter 13 Trustee.

John E. Kieffer, Woodward, Miles & Flannagan, Bristol, Va., for Grundy Nat. Bank.

JOINT MEMORANDUM OPINION
AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This matter is before the Court upon *Rule* 2016 motion to fix attorney fees, wherein the Court finds and herein fixes a reasonable fee for Grundy National Bank, a secured creditor, pursuant to 11 U.S.C. § 506.

John E. Kieffer, Esquire, WOODWARD, MILES & FLANNAGAN, P.C., of Bristol, Virginia, Counsel for said creditor, repre-

sented the secured claim in the nature of a Deed of Trust and note upon real estate owned by the within three Debtors securing a note executed in 1982 in the original principal sum of $143,700.00. The makers of the notes were the within Debtors with the endorsement of the individual Debtors' wives. The terms of the note made each party jointly and severally liable for the entire indebtedness.

The Bank's obligation became delinquent as a result of which, on October 25, 1982, Harman Supermarket, Inc. filed for relief under Chapter 11 and the two individuals under Chapter 13 of the Federal Bankruptcy Act of 1978 seeking rehabilitation of their financial affairs. Thereafter, the Bank, on February 3, 1983, filed a Complaint seeking relief from the stay of 11 U.S.C. § 362 to permit the Bank to foreclose upon its collateral in satisfaction of its debt. Several hearings were held upon the Complaint, the import of which was to enable the Debtors to sell and dispose of the supermarket property and other collateral tracts of land, preserving the Chapter 13 Debtors' residences from liquidation.

At no time during the pendency of these cases or the adversary proceeding was the Bank's security interest questioned and, throughout the entire proceedings, it appeared from the evidence, including appraisals submitted by the Bank, that the Bank at all times was adequately secured with a value cushion substantially in excess of its indebtedness. At the time of the decision in this matter, the Bank's claim was in the approximate amount of $175,000.00, and the value of the collateral was approximately $275,000.00.

Upon hearing of the application to fix a reasonable fee for the secured creditor's Counsel upon the application filed, Counsel for the Debtors appeared and objected to the amount requested, stating that the time and effort expended by the Bank through its Counsel was unnecessary to a large extent and that the final Order concluding and resolving the controversy between the parties was essentially what the Debtors had proposed originally and the acceptance of which was declined by the Bank.

Section 506(b) provides:

"To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose."

Therefore, there falls upon this Court the responsibility to fix a "reasonable" fee for counsel for this creditor. Fees of this nature, as is true with the fixing of fees for all professionals with which this Court is charged, are set forth in *Federal Bankruptcy Rule* 2016.

*Rule* 2016 provides as follows:

"(a) Application for Compensation or Reimbursement. A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended, and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The

requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other person.

The reasonableness standard in the fixing of fees was announced in the recent case of *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), where the court stated:

> "It is well established that the allowance of attorneys' fees 'is within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered'."

In determining or fixing the reasonableness of such fees, the court set forth enumerated criteria as follows:

> "... These include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases."

When applications are filed requesting allowances payable from the estate pursuant to Federal Bankruptcy Rules, the burden of proof to establish entitlement to any reasonable allowance of fees for professional services rendered is upon the movant. *See In re Aldersgate Foundation, Inc.,* 10 B.R. 910, 918 (Bankr.M.D.Fla. 1981); *Woods v. City National Bank & Trust Co.,* 312 U.S. 262, 268, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941); *In re Hamilton Hardware Co., Inc.,* 11 B.R. 326 (Bankr.E. D.Mich.1981).

In addition to the enumerated factors set forth in *Barber, supra,* other pertinent rules must be considered. Hours alone should not be considered when determining the reasonableness of fees. *See In re Pajarito American Indian Art, Inc.,* 11 B.R. 807 (Bankr.Ariz.1981); *In re Grady,* 18 C.B.C. 96 (S.D.Iowa 1978). Mere clerical or routine services rendered by counsel, likewise, are not compensable as necessary legal services. *See In re Nu Process Ind.,* 13 B.R. 136, 7 B.C.D. 1227. Further, time expended by counsel in the preparation and presentation for approval of the application for fee allowance, likewise, is not compensable. *See In re Lindy Bros. v. American Radiator,* 540 F.2d 102 (3rd Cir.1976).

Non-legal services are not compensable as legal services rendered by an attorney. *In re Mabson Lumber Co.,* 394 F.2d 23, 24 (2nd Cir.1968).

*See* 1984 *Annual Survey of Bankruptcy Law*—Norton, Callaghan & Company:

> "The main duty and most difficult task for the Bankruptcy Court in examining professional fee requests is determining what is 'reasonable' in light of the factors mentioned above. The courts are given a great deal of flexibility in this regard and may even choose to grant an award of fees above what was requested. For example, in *In re Bishop,* the court raised the request for attorneys' fees from $17,404 to $20,000, where it was shown that counsel made a successful reorganization possible by blocking creditors' efforts to foreclose, convert or dismiss, and to appoint a trustee. In *In re Nova Real Estate Inv. Trust,* counsel were granted a 10% premium on their fees because their efforts enabled senior subordinated note holders to receive 100% payment rather than 80 to 85% as the debtors' plan originally contemplated."

The application seeks allowance in the three cases a total of $4,356.48 attorney's fees, $996.00 casualty insurance premium, $550.00 surveyor's fee, and $800.00 appraisal fee.

A review of the application, and attachments consisting primarily of time entries and costs expended, does reflect that the hearings scheduled and continued were unusually large for a Complaint seeking simply relief from the stay and protection of a secured creditor whose claim was substantially over-secured and never questioned as to its validity. Many of the entries reflect telephone conversations between the attorney and a representative of the Bank, without any indication as to the necessity therefor or the substance thereof. Additionally, there is an entry for preparation of fee petition and wrap-up of the file, which does not appear to be an item compensable under the guidelines set forth herein and decided cases.

As herein recited, 11 U.S.C. § 506 directs this Court to fix only a fee for creditor's counsel which is "reasonable". The reasonableness of the fee must also be fixed against the backdrop of the authorities herein recited and the criteria established. The Court must view the requested fee against an objective standard of reasonableness under the twelve enumerated guidelines of the Fourth Circuit in *Barber v. Kimbrell's, supra.* Therefore, a reasonable fee under these guidelines fixed by the Court does not necessarily mean the fees charged between the attorney and his client. As between the attorney and client, the fee is a contractual matter between the two parties. Such fee may be subject to a variation where a reasonable standard is applied in cases where creditors' and debtors' funds in these estates are being disbursed to the payment of secured creditors' claims.

In addition to the numerous telephone calls between the attorney and client which, for the most part, are not defined as to their purpose or need, substantial time was allocated for appearances in this Court on the dates of December 17, 1982, March 30, 1983, May 26, 1983, January 5, 1984, and March 28, 1984, varying in hours of from two to four hours each date. The matters heard upon the dockets, which the Court takes judicial notice of, apparently include travel time which, under the standards, is not compensable in the same category as rendering legal services.[1]

The Court, therefore, having maturely considered the application, finds that services rendered payable by these Debtors pursuant to 11 U.S.C. § 506 as reasonable fees necessarily incurred is the sum of $3,000.00, plus reimbursable expenses requested, as well as the administrative expenses of casualty insurance, surveying, and appraisal fees, the latter two fees to be fixed upon proper application to the Court of the parties performing the services.

Any additional fee charged by Counsel for the creditor pursuant to Counsel's representation shall be solely the expense of the creditor and not of these Debtors. The foregoing expenses shall be borne and charged one-third (⅓) to each of the within cases. It is SO ORDERED.

Service of a copy of this Joint Memorandum Opinion and Order shall be made by mail to each of the Debtors herein, their Attorneys, Trustees, to John E. Kieffer, Esquire, Counsel for Grundy National Bank, and to the respective members of the duly appointed Creditors' Committee in the Chapter 11 case herein.

---

1. Additionally, for example, on March 30, 1983, the applicant herein appeared in this Court held at Big Stone Gap, Virginia, in addition to the within cases, also as counsel for: *Ford Motor Credit Corp. v. Hillman;* counsel for *CIT v. Little David Coal Co.* and *Fountain Bay Mining Corp.;* counsel for *Grundy National Bank v. Lester* and *Tandem Mining Co.;* as well as representing an objecting creditor in a Chapter 13 case of *Jennings Yates, Debtor.* It therefore appears that the 2¼ hours charged to the within cases on March 30, 1983 must have included travel time as a portion of the fee charged and must, therefore, be given consideration in fixing a reasonable fee.