In re ESAR VENTURES, A Hawaii general partnership, Debtor.

Bankruptcy No. 85–00313.

United States Bankruptcy Court, D. Hawaii.

May 21, 1986.

Wesley H. Sakai, Jr., Honolulu, Hawaii, for receiver.

Patrick Taomae, Honolulu, Hawaii, for debtor.

MEMORANDUM DECISION AND ORDER RE: APPLICATION FOR APPROVAL OF PAYMENT OF ADMINISTRATIVE EXPENSES

JON J. CHINEN, Bankruptcy Judge.

On April 23, 1985, the attorneys for the Receiver, Chaney Brooks & Co. ("Applicant") filed an Application for Approval of Payment of Administrative Expenses. A memorandum in support of the Application was filed on January 7, 1986, and a hearing was held on January 10, 1986. At that hearing, the Court ordered the Applicant to submit additional time-sheets, and to provide notice of the Application to all interested parties. The required time-sheets were submitted on January 17, 1986.

The court, being advised in the premises, and having reviewed the Application, and the files herein, now renders this memorandum decision and order.

■ The bankruptcy court has a duty to examine the reasonableness of all fees requested, even if there is no objection. *Matter of Daylight Transport, Inc.*, 42 B.R. 20 (Bkrtcy.E.D.N.Y.1984), *In re Four Star Terminals, Inc.*, 42 B.R. 419 (Bkrtcy. Alas.1984). The bankruptcy rule governing compensation for services rendered and reimbursement of expenses applies to accountants, attorneys, and other professionals who apply for compensation and reimbursement of expenses. *In re Cumberland Bolt & Screw, Inc.*, 44 B.R. 915 (M.D. Tenn.1984).

■ For example, where the Debtor's estate is to pay attorney's fees, it is the responsibility of the attorney to provide the court with time sheets that clearly set forth in detail the type of service rendered and the time spent for each service. As was stated in *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 944 (Bkrtcy.E.D.Pa.1983),

> [t]he court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. We do not find it to be an unbearable burden to require any attorney seeking compensa-

tion to enlighten the court as to the nature of his toil and the relation it bears to the matter at hand. Absent such a statement, compensation may not be allowed.

And, in *In re Nation Ruskin, Inc.*, 22 B.R. 207, 210 (Bkrtcy.E.D.Pa.1982) the Court stated:

> General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the court's inspection and evaluation.

■ The attorney's time sheet must be adequate to show the amount of time spent and the manner in which it was spent. A mere entry such as "research", "conference" or "telephone call" is insufficient. And, where there is a block of services without a breakdown of the time for each service rendered, there will be no compensation. *In re Four Star Terminals, Inc.*, 42 B.R. 426–27 (Bkrtcy.Alas.1984).

■ Duplication of services should not be compensated, and compensation for routine work should be discounted in determining fee awards. *Matter of Ferkauf*, 42 B.R. 852 (Bkrtcy.S.D.N.Y.1984).

■ After a careful review of the time-sheets, the court deducts the following items for the reasons stated:

| Date | Service Provided | Reason | Hours | Atty |
|---|---|---|---|---|
| 1/28/85 | Intra-office conf. | No reason given | .20 | JF |
| 1/30/85 | Same | Same | .10 | WS |
| 1/31/85 | Legal research—receiver's duties | Self-education | .30 | ″ |
|  | Same | Same | 3.00 | LC |
|  | Intra-office conf. | No reason given | .20 | ″ |
|  | Same | Same | .20 | WS |
| 2/1/85 | Same | Same | .10 | ″ |
|  | Same | Same | .10 | LC |
| 2/2/85 | Legal research—receiver's duties | Self-education | 1.30 | WS |
| 2/6/85 | Same | Same | 1.30 | LC |
|  | Intra-office conf. | No reason given | .10 | WS |
| 2/13/85 | Intra-office memo | Same | .50 | ″ |
| 2/14/85 | Legal research—receiver's duties | Self-education | 1.30 | ″ |
| 2/21/85 | Intra-office memo | No reason provided | .10 | ″ |
| 2/22/85 | Intra-office conf. | Same | .20 | LC |
| 2/27/85 | Intra-office memo | Same | .20 | WS |

| Date | Service Provided | Reason | Hours | Atty |
|---|---|---|---|---|
| 3/1/85 | Same | Same | .10 | " |
| 3/18/85 | Legal research— receiver's duties | Self-education | .40 | " |
| | Intra-office memo | No reason provided | .10 | " |
| 3/28/85 | Same | Same | .10 | " |
| 4/8/85 | Same | Same | .10 | " |
| 4/25/85 | Intra-office memo | No reason provided | .10 | WS |
| 5/6/85 | Same | Same | .10 | " |

In addition, the court disallows the Lexis costs of $56.94 for research on the duties of the receiver as being self-education. In addition, Applicant has made an addition error of $47.40 in computing the amount of fees due.

Based on the above, the court deducts the following:

| | | |
|---|---|---|
| JF | .20 hours at $120.00 | $   24.00 |
| WS | 5.20 hours at $120.00 | 624.00 |
| LC | 4.80 hours at $ 80.00 | 384.00 |
| Lexis | | 56.94 |
| Addition Error | | 47.40 |
| | | $1,136.34 |
| 4% excise tax | | $   45.45 |
| Total | | $1,181.79 |

From the requested fees and costs of $18,289.55, the court deducts $1,181.79 and awards the balance of $17,107.76.

IT IS HEREBY ORDERED that the Debtor shall pay to Applicant the sum of $17,107.76 for fees and costs incurred for the period January 28, 1985 through January 14, 1986.