**In re Stephen A. GRIFFIN.**

**No. 2:02–BK–70245M.**

United States Bankruptcy Court,
W.D. Arkansas,
Ft. Smith Division.

Sept. 11, 2003.

Cross, Gunter, Witherspoon & Galchus, PC, Fort Smith, AR, David G. Nixon, Nixon Law Firm, Fayetteville, AR, Diane Sexton, Attorney at Law, Fort Smith, AR, Frederick S. Wetzel, III, Frederick S. Wetzel, P.A., Little Rock, AR, John T. Lee, Attorney at Law, Siloam Springs, AR,

Theresa L. Pockrus, The Nixon Law Firm, Fayetteville, AR, for Debtor.

Richard L. Cox, Hot Springs, AR, Richard L. Cox, U.S. Bankruptcy Trustee, Hot Springs, AR, for Trustee.

## ORDER

On June 2, 2003, Mary McGehee, a creditor in this bankruptcy case, filed a proof of claim for $353,343.99. The debt evidenced by the claim is secured by a deed of trust executed by the Debtor, Stephen A. Griffin ("Debtor"), in 1999 to City National Bank of Fort Smith. The claim was later amended to be the sum of $371,446.49.

The Trustee filed an objection to the claim of Mrs. McGehee and a hearing was conducted at Hot Springs, Arkansas, on July 30, 2003. At the conclusion of the hearing, the Court sustained the Trustee's objection to the claim to the extent the total claim exceeded $304,260.09. The Court took under advisement the issue of the amount of legal fees that could be added to the allowed portion of the claim.

The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157 and this Court has jurisdiction to enter a final judgment.

The creditor, Mrs. McGehee, is the mother of Barbara Griffin, who is the Debtor's wife. On or about January 13, 2003, Mrs. McGehee, after consulting with Diane Sexton, her attorney, purchased the note payable to City National Bank of Fort Smith and took an assignment of the deed of trust. Mrs. McGehee paid $304,260.09 for the note, according to her testimony.

Mrs. McGehee testified that she purchased the note to help her daughter and son-in-law retain possession of a house on Lake Ouachita in Montgomery County, Ar-

kansas.[1] Mrs. McGehee stated that post petition, Barbara Griffin has paid her monthly rent equal to the ongoing accrual of interest on the note. She testified that she does not know the reason her claim is for more than $304,260.09 but that she relies totally on her counsel, Ms. Sexton, concerning these matters.

Filed by Ms. Sexton and introduced into evidence at the hearing on the Trustee's objection, the claim and the subsequent amended claim contain no documentation as proof of Mrs. McGehee's claim. At the hearing, the creditor demonstrated that some of the extra charges were for attorney fees but failed to show the basis for the remaining charges. The Trustee does not object to a secured claim in the amount of $304,260.09 and additional monies for reasonable attorney's fees, insurance, and accrued interest, to the extent these can be documented.

Ms. Sexton submitted a statement for attorney's fees for $17,071.20, which she argues should be allowed as part of Mrs. McGehee's secured claim. While the Trustee does not dispute that reasonable attorney's fees incurred in protecting Mrs. McGehee's interest are properly allowed as part of her secured claim, he argues that Ms. Sexton's application is unreasonable in amount. He contends that services charged were not performed to protect Mrs. McGehee's interest in the property or were not performed for the benefit of Mrs. McGehee at all. Therefore, the Court must examine Ms. Sexton's fee application.

Ms. Sexton's statement reflects the date of the first service performed for Mrs. McGehee was "12/30/03".[2] The Court file reflects that on February 18, 2003, Ms. Sexton appeared in this case on behalf of Barbara Griffin. On March 12, 2003, Ms. Sexton entered her appearance on behalf of Highway 71 South Liquors, Inc. On March 21, 2003, Ms. Sexton entered her appearance on behalf of the Chapter 7 Debtor, Stephen Griffin, but was later removed as attorney for the Debtor on motion of the Trustee. Ms. Sexton also represents Douglas Payne, a certified public accountant, who has a claim for administrative expenses.

The Bankruptcy Code provides in relevant part as follows:

> To the extent that an allowed secured claim is secured by property, the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim ... any reasonable fees ... provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b) (2000).

Section 506(b) allows the award of attorneys' fees to an oversecured creditor to the extent that its security agreement expressly provides for such fees. *Dalessio v. Pauchon (In re Dalessio),* 74 B.R. 721, 723 (9th Cir. BAP 1987); *In re Mills,* 77 B.R. 413, 417 (Bankr.S.D.N.Y. 1987) (citing *In re Elmwood Farm, Inc.,* 19 B.R. 338, 341 (Bankr.S.D.N.Y.1982)). However, entitlement is limited to reasonable fees. *In re Dalessio,* 74 B.R. at 723; *In re Brunel,* 54 B.R. 462, 464 (Bankr. D.Colo.1985) (citations omitted).

The applicant has the burden of proving entitlement to fees and the reasonableness of requested compensation. *Brake v. Tavormina (In re Beverly Mfg. Corp.),* 841 F.2d 365, 371 (11th Cir.1988)

---

**1.** The Debtor's schedules indicate that he resides in Ft. Smith, Arkansas, in Sebastian County.

**2.** The date obviously contains a scrivener's error and should read "12/30/02".

**4**

(quoting *In re U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981)); *In re Meade Land & Dev. Co.*, 577 F.2d 858, 860 (3d Cir.1978); *In re Villa Capri Assocs. Ltd. Partnership*, 141 B.R. 257, 260 (Bankr. N.D.Ga.1992) (citing *Norman v. Housing Authority*, 836 F.2d 1292, 1303 (11th Cir. 1988); *In re Greenwich Showboat Ltd. Partnership*, 117 B.R. 54, 60 (Bankr. D.Conn.1990)).

■ In determining reasonableness, bankruptcy law, rather than state law, governs. *Blackburn–Bliss Trust v. Hudson Shipbuilders, Inc. (In re Hudson Shipbuilders, Inc.)*, 794 F.2d 1051, 1058 (5th Cir.1986); *Pasatiempo Properties v. Le Marquis Assocs. (In re Le Marquis Assocs.)*, 81 B.R. 576, 578 (9th Cir. BAP 1987) (citing *In re 268 Ltd.*, 789 F.2d 674, 677 (9th Cir.1986)). Reasonable fees allowable under 11 U.S.C. § 506(b) are those necessary to the collection and protection of a creditor's claim. *In re Kroh Bros. Dev. Co.*, 105 B.R. 515, 521 (Bankr.W.D.Mo. 1989) (citing *In re Reposa*, 94 B.R. 257, 261 (Bankr.D.R.I.1988)). Under 11 U.S.C. § 506(b), fees are reasonable only if they are incurred in protecting a secured creditor's rights in its collateral or in an effort to collect the debt. *In re Brunel*, 54 B.R. at 464.

■ As previously stated, the burden of proof as to the reasonableness of the fees is upon the applicant. In addition to any objection voiced by a party in interest, the Court has an independent duty to investigate the reasonableness of compensation. *In re Pettibone Corp.*, 74 B.R. 293, 299–300 (Bankr.N.D.Ill.1987) (citing *In re NRG Resources, Inc.*, 64 B.R. 643, 650 (W.D.La. 1986); *In re Esar Ventures*, 62 B.R. 204, 205 (Bankr.D.Ha.1986); *In re Jensen–Farley Pictures, Inc.*, 47 B.R. 557, 585 (Bankr. D.Utah 1985); *In re Wilson Foods Corp.*, 36 B.R. 317, 320 (Bankr.W.D.Okla.1984)); *In re Holthoff*, 55 B.R. 36, 39 (Bankr.

E.D.Ark.1985) (citing Fed. R. Bankr.P. 2016(a); *In re Thomas, Inc.*, 43 B.R. 510 (Bankr.D.Mass.1984); *In re Bolton*, 43 B.R. 598 (Bankr.E.D.N.Y.1984)).

■ A fee application should be specific enough to identify the legal services rendered. *In re Westside Creek Ltd. Partnership*, 93 B.R. 177, 180 (Bankr.E.D.Ark. 1988) (citing Fed. R. Bankr.P. 2016; *In re Holthoff*, 55 B.R. 36, 39 (Bankr.E.D.Ark. 1985)). Counsel should not group all tasks performed in a single billing; otherwise, the Court is unable to determine whether the time spent on a specific task is reasonable. *See In re Beverly Mfg. Corp.*, 841 F.2d at 370 (citing *In re Art Shirt Ltd.*, 30 B.R. 318 (Bankr.E.D.Pa.1983); *In re Doyle–Lunstra Sales Corp.*, 19 B.R. 1003 (D.S.D.1982); *In re Hamilton Hardware*, 11 B.R. 326 (Bankr.E.D.Mich.1981)).

■ The allowance of attorneys' fees is within the discretion of the trial judge because he "has a close and intimate knowledge of the efforts expended and the value of the services rendered by the attorneys in the particular proceeding." *In re Cushard*, 235 B.R. 902, 909 (Bankr. W.D.Mo.1999) (citing *In re Harman Supermarket, Inc.*, 44 B.R. 918, 919 (Bankr. W.D.Va.1984) (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir.1978))).

■ The attorney fee statement at issue reflects that Ms. Sexton charged $150.00 per hour, which is a customary rate for attorneys who practice before the U.S. Bankruptcy Court in the State of Arkansas. However, the statement is flawed in so many aspects and the quality of legal services performed by Ms. Sexton is so far below the standard of competence expected of attorneys licensed to practice in the U.S. Bankruptcy Court that the rate of $150.00 per hour in this case by this attorney is excessive. Guided by the factors enunciated by the Eighth Circuit Court of

Appeals in *Winter v. Cerro Gordo County Conservation Board,* the Court reduces this rate to $90.00 per hour. See *Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069, 1074 n. 8 (8th Cir.1991). The following factors weigh in favor of reducing the hourly rate in this case: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service properly; the amount involved and the results obtained; and the experience, reputation, and ability of the attorney.

█ Aside from the excessive hourly rate, the statement is flawed in other respects. Ms. Sexton has billed an unreasonable number of hours for simple or unnecessary tasks. Further, she has billed for services actually performed for a client other than Mrs. McGehee and for services for Mrs. McGehee that are unrelated to protecting her claim. The Court will disallow or reduce the following charges for the reasons set out below.

## I.

## CHARGES INCURRED PRIOR TO CREDITOR'S PURCHASE OF NOTE

The statement lists the following:

| DATE | SERVICE | TIME | CHARGE |
|---|---|---|---|
| 12/30/03 [sic] | Meeting with Barbara Griffin re: Purchase of Lakehouse by Mary McGehee | 1.5 hours | $225.00 |
| 1/06/03 | Meeting with Barbara Griffin and Mary McGehee re: Purchase of Lakehouse from Bancorp | 2.5 hours | $375.00 |
| 1/08/03 | Meeting with Barbara Griffin and Mary McGehee re: feasibility of selling Wal–Mart shares to finance purchase of Lakehouse from Bancorp | 2 hours | $300.00 |
| 1/10/03 | Meeting with Barbara Griffin and Mary McGehee to finalize terms of proposed purchase | 2.5 hours | $375.00 |
| 1/13/03 | Meeting with Barbara Griffin and Mary McGehee re: purchase from Bancorp | 2.5 hours | $375.00 |

The charges total 11 hours at $150.00 per hour for a total of $1,650.00 concerning services rendered before Mrs. McGehee purchased the note. These charges were not incurred in connection with protecting Mrs. McGehee's interest in the bankruptcy case, and these charges are not properly part of Mrs. McGehee's secured claim.

## II.

## CHARGES RELATED TO DUAL REPRESENTATION

| DATE | SERVICE | TIME | CHARGE |
|---|---|---|---|
| 1/14/03 | Meeting with Barbara Griffin and Mary McGehee re: representation of Mary McGehee in pending litigation | 3 hours | $450.00 |
| 01/16/03 | Review of Rules of Professional Conduct re: representation of Barbara and Mary McGehee | 2.5 hours | $375.00 |
| 01/17/03 | Meeting with Barbara and Mary McGehee re: disclosure of any possible conflicts | 2 hours | $300.00 |
| 01/20/03 | Meeting with Barbara and Mary McGehee to discuss representation of both | 2 hours | $300.00 |

These charges total 9.5 hours at $150.00 per hour totaling $1,425.00 concerning discussions with Mrs. McGehee and Barbara

Griffin on the issue of counsel's dual representation of both clients. First, the Court cannot conceive of any reason why the issue of Ms. Sexton's dual representation of Mrs. Griffin and her mother would require 9.5 hours of discussion with the two clients. Second, there is no reason why 9.5 hours of discussing representing two creditors in the same case should all be billed to Mrs. McGehee. Finally, these discussions have no bearing on the defense of Mrs. McGehee's deed of trust and are not allowable as part of her secured claim.

## III.

### EXCESSIVE OR VAGUE CHARGES

Numerous charges in the bill appear excessive for the services performed or are not specific enough to indicate what work was done. These include the following:

| DATE | SERVICE | TIME | CHARGE |
| --- | --- | --- | --- |
| 01/21/03 | Draft and File Entry of Appearance for Mary McGhee in Montgomery County | 1.5 hours | $225.00 |

An entry of appearance typically contains two one-sentence paragraphs, and it is inconceivable that it required 1.5 hours of professional attorney time to prepare.

| DATE | SERVICE | TIME | CHARGE |
| --- | --- | --- | --- |
| 3/06/03 | Draft Motion to Abandon Lakehouse | 2 hours | $300.00 |
| 3/07/03 | Finalize Motion to Abandon and File Motion to Abandon | 2 hours | $300.00 |

Ms. Sexton charged $600.00 for preparation of a motion to abandon. Filed March 11, 2003, the motion to abandon consists of a three-page routine document that should not require four hours to prepare.

| DATE | SERVICE | TIME | CHARGE |
| --- | --- | --- | --- |
| 3/25/03 | Motion for Continuance of Hearing Set for 3/27 | 1.5 hours | $225.00 |

This motion for continuance consists of an introductory sentence, three one-sentence paragraphs, and a conclusion. It could not have required 1.5 hours of attorney time to prepare.

| DATE | SERVICE | TIME | CHARGE |
| --- | --- | --- | --- |
| 2/10/03 | Review of bankruptcy file re: Mary McGehee and Lakehouse | 3 hours | $450.00 |
| 2/11/03 | Review of motion to vacate and Abandon filed 9/27/02 by Bancorp and Review of Order to Vacate and Abandon filed 11/19/02 | 2.5 hours | $375.00 |

These charges total 5.5 hours at $150.00 per hour totaling $825.00. The itemization does not adequately describe what services are being rendered. The only description given suggests that Ms. Sexton spent 5.5 hours pondering about the lake house and studying a motion filed September 27, 2002, and an "Order to Abandon" filed November 19, 2002.

## IV.

### CHARGES UNRELATED TO DEFENDING THE CLAIM

| DATE | SERVICE | TIME | CHARGE |
| --- | --- | --- | --- |
| 01/24/03 | Meeting with Barbara Griffin and Mary McGehee to discuss continuation of per diem interest rate | 2 hours | $300.00 |

Upon the Trustee's examination as to this item, Ms. Sexton explained the charge as follows:

Q. The next entry is January the 24th, 2003—meeting with Barbara and Mary McGehee to discuss continuation of per diem interest rate.

A. Yes.

Q. You spent two hours discussing the daily interest rate on the loan?

A. Yes, and explaining how it applied and how it should be paid, you know, whether they wanted to continue that interest rate or whether it would be in the benefit of one of the parties to have a higher interest rate, whether they wanted to pay it on a quarterly basis. We had a number of schedules laid out. Tr. at 26, 27.

This explanation is completely bogus. The interest rate on the note purchased by Mrs. McGehee is a fixed rate so legal services regarding the rate are not required. Ms. Sexton may be referring to a discussion of how often her client Barbara Griffin wanted to pay the accruing interest to her other client, Mrs. McGehee. Such discussions do not pertain to the defense of Mrs. McGehee's secured claim.

| DATE | SERVICE | TIME | CHARGE. |
|---|---|---|---|
| 3/03/03 | 341 Meeting | 6 hours | $900.00 |

Ms. Sexton purported to represent Barbara Griffin, Mrs. McGehee, and Highway 71 South Liquors, Inc. at the time of the first meeting. Thus, there is no reason that the entire first meeting should be charged to Mrs. McGehee. Therefore, the Court reduces the time at the first meeting charged to Mrs. McGehee to two hours.

## V.

## UNNECESSARY TRIPS TO LAKE OUACHITA

Counsel made three trips to view the property securing Mrs. McGehee's debt:

| DATE | SERVICE | TIME | CHARGE |
|---|---|---|---|
| 2/19/03 | Trip to view Lakehouse | 8 hours | $1,200.00 |
| 4/30/03 | Trip to view Lakehouse | 8 hours | $1,200.00 |
| 5/27/03 | Trip to Mt. Ida re: Richard Cox and appraisers | 10 hours | $1,500.00 |
| | | 26 hours | $3,900.00 |

There is no discernable justification for counsel to spend 26 hours looking at the lake house. The value of the lake house is an issue in this case; therefore, viewing the property by counsel would be appropriate, but not for 26 hours billed at $150.00 an hour. Time spent viewing the lake house will be reduced to a total of eight hours.

## VI.

## CHARGES FOR SERVICES NOT PERFORMED FOR CREDITOR

| DATE | SERVICE | TIME | CHARGE |
|---|---|---|---|
| 3/27/03 | Hearing in Court | 9 hours | $1,350.00 |
| 5/16/03 | Hearing in Little Rock | 8 hours | $1,200.00 |
| | | 17 hours | $2,550.00 |

These charges were not for services performed for Mrs. McGehee. The matter on March 27, 2003, concerning Mrs. McGehee was continued at Ms. Sexton's request. Mrs. McGehee's motion was the first matter called on the docket on that date, and the motion for continuance was immediately granted. Mrs. McGehee was not present in Court. The rest of the day was spent concerning the following matters in which Ms. Sexton participated:

1. Motion filed 2/18/03 by Barbara Griffin to set aside order of conversion;

2. Motion filed 3/21/03 to substitute filed by Diane Sexton

  a. Objection filed 3/24/03 by Trustee

  b. Objection filed 3/25/03 by Lance Beaty and others;

3. Trustee's motion to disqualify Diane Sexton as attorney for Highway 71 South Liquors, Inc. and for sanctions;

4. Motion filed 3/17/03 by Stephen Griffin to disqualify Isaac Scott as attorney for Lance Beaty and others;

5. Motion for relief from stay as to Trustee's seizure of non-estate property

filed 3/12/03 by Highway 71 South Liquors, Inc.

The hearing held in Little Rock on May 16, 2003, concerned Stephen Griffin's motion to reconvert the case to chapter 11. Ms. Sexton, who appeared with Barbara Griffin, announced that she would not participate in the hearing, and she did not. The hearing had nothing to do with Mrs. McGehee's claim pursuant to section 506(b).

## CONCLUSION

What is apparent from Ms. Sexton's fee request is that she has billed Mrs. McGehee, the 82–year–old mother of Barbara Griffin, for many services unrelated to Mrs. McGehee's deed of trust, but instead concern issues in which Barbara Griffin and Ms. Sexton were otherwise involved.

Moreover, the fee request is replete with overstated and unjustifiable charges. As part of the secured claim, the Court will allow $3510.00 in legal fees, which represents 39 hours of work billed at the reduced rate of $90.00 per hour. Charges for the remaining 74 hours itemized on Ms. Sexton's statement will not be allowed.

Therefore, the Trustee's objection to Mrs. McGehee's claim of $371,446.79 is sustained. She is allowed a secured claim of $304,260.09 and $3510.00 in attorneys fees.

IT IS SO ORDERED.

## APPENDIX

### SEXTON LAW FIRM
Attorney at Law
3420 Duke Avenue
Fort Smith, AR 72908

Carole Diane Sexton    Telephone 479–648–9993
Attorney    Facsimile 479–648–9994
Barbara Griffin
Paralegal

June 9, 2003

Ms. Mary McGehee
Ozark, AR
**STATEMENT**

Diane Sexton's HOURLY RATE: $150
(Rate per minute = $2.50)

| DATE | SERVICE | TIME | CHARGE |
|---|---|---|---|
| 12/30/03 | Meeting with Barbara Griffin re: Purchase of Lakehouse by Mary McGehee | 97 min | 242.50 |
| 01/06/03 | Meeting with Barbara Griffin and Mary McGehee re: Purchase of Lakehouse from Bancorp | 154 min | 385.00 |
| 01/08/03 | Meeting with Barbara Griffin and Mary McGehee re: feasibility of selling Wal–Mart shares to finance purchase of Lakehouse from Bancorp | 126 min | 315.00 |
| 01/10/03 | Meeting with Barbara Griffin and Mary McGehee to finalize terms of proposed purchase | 161 min | 402.50 |
| 01/13/03 | Meeting with Barbara Griffin and Mary McGehee re: purchase from Bancorp | 154 min | 385.00 |
| 01/14/03 | Meeting with Barbara Griffin and Mary McGehee re: representation of Mary McGehee in pending litigation | 187 min | 467.50 |
| 01/15/03 | Review of file of pending litigation in Montgomery Co. | 94 min | 235.00 |
| 01/16/03 | Review of Rules of Professional Conduct re: representation of Barbara and Mary McGehee | 152 min | 380.00 |
| 01/17/03 | Meeting with Barbara and Mary McGehee re: disclosure of any possible conflicts | 124 min | 310.00 |
| 01/20/03 | Meeting with Barbara and Mary McGehee to discuss representation of both | 121 min | 302.50 |
| 01/21/03 | Draft and file Entry of Appearance for Mary McGehee in Montgomery County | 91 min | 227.50 |

| Date | Description | Time | Amount |
|---|---|---|---|
| 01/24/03 | Meeting with Barbara and Mary McGehee to discuss continuation of per diem interest rate | 123 min | 307.50 |
| 02/10/03 | Review of bankruptcy file re: Mary McGehee and Lakehouse | 184 min | 460.00 |
| 02/11/03 | Review of Motion to Vacate and Abandon filed 09/27/02 by Bancorp and Review of Order to Vacate and Abandon filed 11/19/02 | 156 min | 390.00 |
| 02/12/03 | Phone conference with Dane Clay re: abandonment of Lakehouse | 30 min | 75.00 |
| 02/13/03 | Trip to Fayetteville to review Court's docket | 243 min | 607.50 |
| 02/19/03 | Trip to view Lakehouse | 487 min | 1,217.50 |
| 02/21/03 | Trip to Ozark to meet With Client | 249 min | 622.50 |
| 03/03/03 | 341 Meeting | 368 min | 920.00 |
| 03/06/03 | Draft Motion to Abandon Lakehouse | 122 hours | 305.00 |
| 03/07/03 | Finalize Motion to Abandon and file Motion to Abandon | 127 min | 317.50 |
| 03/25/03 | Motion for Continuance of Hearing set for 03/27 | 92 min | 230.00 |
| 03/25/03 | Motion to Clarify previous Order of Court | 96 min | 240.00 |
| 03/27/03 | Hearing in Court | 561 min | 1,402.50 |
| 04/30/03 | Trip to view Lakehouse | 492 min | 1,230.00 |
| 05/02/03 | Trip to Ozark to Meet with Client | 249 min | 622.50 |
| 05/05/03 | Motion to Re–Schedule Hearing set for 6/23 | 67 min | 167.50 |
| 05/16/03 | Hearing in Little Rock | 491 min | 1,227.50 |
| 05/19/03 | Trip to Ozark to Meet with Client | 252 min | 630.00 |
| 05/19/03 | Search for appraiser located in Montgomery Co. | 129 min | 322.50 |
| 05/21/03 | Search docket for all Bancorp orders | 128 min | 320.00 |
| 05/21/03 | Meeting with Barbara and Mary McGehee re: 2004 set by Trustee | 153 min | 382.50 |
| 05/27/03 | Trip to Mt. Ida re: Richard Cox and appraisers | 611 min | 1,527.50 |
| 06/02/03 | Pre-trial preparation | 127 min | 317.50 |
| 06/03/03 | Hearing in Fayetteville | 490 min | 1,225.00 |
| 06/06/03 | Trip to Lakehouse to make sure of defects which auctioneer said he did not notice | 493 min | 1,232.50 |
| 06/09/03 | Draft objection to motion to quash subpoena for lakehouse appraisal | 66 min | 165.00 |
| 06/09/03 | Subpoena to H. Rice Brewer for appraisal on lakehouse | 30 min | 75.00 |
| 06/09/03 | Telephone conference w/BancorpSouth re: alleged $450,000 appraisal; discovered the appraisal included 3 properties—lakehouse plus 2 others | 131 min | 327.50 |

TOTAL TIME TO DATE    $20,519.50

PLUS:
Filing fee for Motion to Abandon (03/10/03)    75.00
Copies 1,135 @ $.10    113.50
Facsimile charges    103.00
Postage    7.20

TOTAL BILL TO DATE
06/09/03    $20,818.20