**In re Palmer Allen GOODBAR, and Debra Kay Goodbar, Debtors.**

No. 09–52018.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

June 29, 2011.

646

Charles H. Nave, Harry Wayne Brown, Roanoke, VA, for Debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

An evidentiary hearing was held on June 8, 2011, to consider the Application for Compensation filed by Harry W. Brown, Esquire and the separate objections to the Application for Compensation by the Chapter 13 Trustee and the U.S. Trustee. After considering the arguments of the parties and the evidence presented the Court makes the following findings of fact and conclusions of law.

### Facts

The Debtors filed their Chapter 13 Petition on December 17, 2009. Included in the Debtors' petition is a Disclosure of Compensation of Attorney for Debtor(s) form filed by Mr. Brown (hereafter the "Disclosure Statement"). The Disclosure Statement states that Mr. Brown has agreed to accept $2,650.00 for services that include "[n]egotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffir-

mation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods." Chapter 13 Voluntary Petition, *In re Goodbar,* Case No. 09–52018–HAR (Bankr.W.D.Va. Dec. 17, 2009). The Disclosure Statement also states that the $2,650.00 fee does not include "[r]epresentation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding, motion to sell real property, etc." *Id.* For those items not included in the $2,650.00 flat fee, Mr. Brown and the Debtors executed a separate retainer agreement on September 29, 2009 (hereafter the "Retainer Agreement").

The Retainer Agreement provided that the Debtors were to pay Mr. Brown an advanced legal fee in the amount of $1,000.00. Additionally, Mr. Brown would bill the Debtors on an hourly basis for work performed on their case. The Retainer agreement fixed the hourly fee charged per hour at $250.00 per hour for what the Retainer Agreement terms "Out of Court Rates" and $450.00 an hour for what the Retainer Agreement terms "In Court Rates." Chapter 13 Trustee's Exhibit 1, *In re Goodbar,* Case No. 09–52018–HAR (Bankr.W.D.Va. May 23, 2011).

On February 2, 2010, the Debtors filed a Motion to Sell Real Estate Pursuant to 11 U.S.C. § 363 (hereafter the "Motion to Sell"). Wells Fargo Financial held a first deed of trust on the property that was the subject of the Motion to Sell. Wells Fargo Financial refused to consent to the Motion to Sell. Unable to obtain Wells Fargo Financial's consent to the sale, and thus, unable to successfully sell the property under § 363, the Debtors set the Motion to Sell aside[1] and chose to file an adversary proceeding against Wells Fargo Financial

1. But did not withdraw the Motion to Sell.

in an attempt to reform Wells Fargo Financial's deed of trust.

On March 17, 2010, the Debtors commenced an adversary proceeding by filing a complaint against Wells Fargo Financial.[2] On September 27, 2010, the Court entered an Order approving a settlement agreement reached by the parties in the adversary proceeding, thereby closing the adversary proceeding.

On June 4, 2010, a consent order between the Debtors and Wells Fargo Financial was entered granting the Motion to Sell.

On June 24, 2010, the Debtors achieved confirmation of a previously proposed Chapter 13 plan.

On July 1, 2010, Mr. Brown submitted the Application for Compensation in accordance with 11 U.S.C. § 330. The Application for Compensation sought compensation for all work done between September 29, 2009, and July 1, 2010. The Application for Compensation is broken down into two main categories. The first category is all work done during the relevant time period that is related to what the Court will call the Main Chapter 13 Case.[3] The second category is all work done during the relevant time period that is related to what the Court will call the Adversary Proceeding. With regard to the Main Chapter 13 Case, Mr. Brown requested $19,651.50 in fees and $1,492.33 in expenses. After certain credits representing advance payments by the Debtors were included the total bill for fees and expenses for the Main Chapter 13 Case was $19,893.83. With regard to the Adversary Proceeding, Mr. Brown requested $5,814.00 in fees and $272.00 in expenses.

After certain credits representing advance payments by the Debtors were included the total bill for fees and expenses for the Adversary Proceeding was $5,836.00.

On August 19, 2010, the Chapter 13 Trustee filed a Response to the Application for Compensation and a request for discovery. On September 7, 2010, the U.S. Trustee filed an Objection to the Application for Compensation. Both the Chapter 13 Trustee's response and the U.S. Trustee's objection argue that the fees sought by Mr. Brown in conjunction with both the Main Chapter 13 bankruptcy case and the Adversary Proceeding are excessive and unwarranted.

*Discussion*

*Review of Fee Applications*

■ *In re C & J Oil Co., Inc.*, 81 B.R. 398, 402 (Bankr.W.D.Va.1987) sets forth the relevant statutory framework governing applications for compensation. *C & J Oil* states

Section 331 of the Bankruptcy Code permits counsel for the debtor in possession to apply for interim compensation at least every 120 days after an order for relief in a case has been entered or more often if the court permits.... 11 U.S.C. § 330 provides the statutory basis for allowance of compensation of the debtor's attorney. It provides as follows:

(1) Reasonable compensation for actual, necessary services rendered by such ... attorney, and by any paraprofessional persons employed by such ... attorney, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable ser-

---

**2.** *Goodbar v. Wells Fargo Financial System Virginia, Inc.*, Case No. 10–05006–HAR (Bankr.W.D.Va. Mar. 17, 2010).

**3.** For purposes of this Order, the Court considers the term Main Chapter 13 Case to include all work performed that is not directly related to the adversary proceeding against Wells Fargo Financial.

vices other than in a case under this Title . . . ;

11 U.S.C. § 330(a)(1).

Bankruptcy Rule 2016(a) provides that the person seeking interim compensation shall file an application setting forth a detailed statement of the services rendered, time expended and expenses incurred, and the amounts requested. . . . *C & J Oil,* 81 B.R. at 402. The burden rests upon the applicant to demonstrate that the fees and expenses requested are reasonable. *In re Harman Supermarket, Inc.,* 44 B.R. 918, 920 (Bankr.W.D.Va. 1984). Lastly, the determination of what is a reasonable amount of compensation is within the sound discretion of the court. *In re Larson,* 346 B.R. 693, 700 (Bankr. E.D.Va.2006) (citing *In re Breeden,* 180 B.R. 802, 808 (Bankr.N.D.W.Va.1995)).

■ When reviewing applications for compensation, courts in the Fourth Circuit use a hybrid of the lodestar method and the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *See e.g., Equal Employment Opportunity Comm'n v. Serv. News Co.,* 898 F.2d 958, 965 (4th Cir.1990), *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), and *In re Great Sweats, Inc.,* 113 B.R. 240, 241 (Bankr.E.D.Va. 1990).

■ The *Johnson* factors are:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber,* 577 F.2d at 226 n. 28. *Larson* directs courts to apply the *Johnson* factors in order to determine the reasonable number of hours and the reasonable hourly rate charged. *Larson,* 346 B.R. at 702. The product of the reasonable number of hours and the reasonable hourly rate constitutes the lodestar method. *In re Harris,* Case No. 96–36765, 1998 WL 408896, at *3 (Bankr.E.D.Va. Apr. 14, 1998).

### Amount of Appropriate Compensation in the Main Chapter 13 Case

The Disclosure Statement provides for a flat rate of $2,650.00 for the following services: "[n]egotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods." Mr. Brown has only identified two matters that appear to fall outside the scope of services covered by the $2650.00 flat fee. Those services are the Motion to Sell and the Adversary Proceeding. The Court will address the Adversary Proceeding later in this Order.

■ Based upon the time records Mr. Brown submitted in support of the fee requested in the Main Chapter 13 Case the Court finds that Mr. Brown devoted 5.78 hours of time to work on the Motion to Sell. At Mr. Brown's hourly rate of $250.00 per hour the dollar value of the time spent on the Motion to Sell is $1,445.00. The Court heard testimony from Rebecca Connelly, the Chapter 13

Trustee for the Roanoke division, that the range of fees charged for work done on motions to sell brought under 11 U.S.C. § 363, as the Motion to Sell was, is $250.00 to $600.00. Based upon the Court's many years of experience the Court finds that the $250.00 to $600.00 range articulated by Ms. Connelly is a fair and accurate reflection of how much a motion to sell property under § 363 should cost to prosecute in the Western District of Virginia. Mr. Brown has not articulated any additional factors that would demonstrate to the Court that he is entitled to an amount outside of the $250.00 to $600.00 range, let alone his request for $1,445.00. The question then is how much to award Mr. Brown within the range of $250.00 to $600.00.

Mr. Brown stated that the key issue in prosecuting the Motion to Sell was the fact that in its deed of trust Wells Fargo Financial had inappropriately included more collateral than originally contemplated by the Debtors. Mr. Brown stated, and his time records reflect, that he had multiple conversations with various persons affiliated with Wells Fargo Financial in the period of time leading up to the filing of the Motion to Sell and that these conversations were instrumental in formulating the Debtors' strategy with regard to the Motion to Sell. The Court finds Mr. Brown's testimony regarding the complexity of the issues faced by the Debtors regarding the Motion to Sell persuasive and thus, awards Mr. Brown $600.00, the upper range of customary and reasonable fees for this type of work, for his work done on the Motion to Sell. The Court notes that there was no evidentiary proceeding incident to the Motion to Sell and that an agreed order was ultimately entered authorizing the sale. The only *Johnson* factor that the applicant pointed to in support of his larger fee request is results achieved. However, as will be seen *infra* the results achieved arose as a result of the Adversary Proceeding. Since there is no evidence of any other work, aside from the Adversary Proceeding, that would fall outside the scope of work covered by the $2,650.00 fee, the Court finds that Mr. Brown is entitled to the $2,650.00 flat fee stated in his Disclosure Statement as well as an additional $600.00 for work done on the Motion to Sell. Thus, the Court finds that in total, Mr. Brown is entitled to $3,250.00 in fees for work done on the Main Chapter 13 Case.

In addition to the amount requested for fees incurred Mr. Brown also requests $1,492.33 for reimbursements for expenses incurred in the Main Chapter 13 Case. Mr. Brown has submitted an accounting of the expenses incurred in the Main Chapter 13 Case to support the amount requested. In reviewing the expense list the Court notes that Mr. Brown has incurred $506.55 for photocopying expenses. Local Rule 2016–2 fixes the amount attorneys seeking compensation may charge for photocopies at 15¢ per page. In this case, Mr. Brown's expense itemization report only states that on October 2, 2009, June 30, 2010, and on July 1, 2010, he incurred expenses in the amounts of $7.95, $483.90, and $14.70, respectively, for photocopying. Mr. Brown, however, does not state how many pages were photocopied so the Court is unable to verify that Mr. Brown charged the Court mandated 15¢ per page rate. Since Mr. Brown has failed to meet his burden of justifying the expenses, the Court finds that the photocopying expenses have not been justified and therefore, are not subject to reimbursement at this time.

In addition to striking the amount of reimbursable expenses by the amount attributed to photocopying, Mr. Brown has brought to Court's attention $409.28 in expenses related to postage which are du-

plicates and therefore, need to be excised from the list of expenses.[4]

In summary, the Court will reduce the $1,445.00 in requested reimbursement for expenses by the $506.55[5], for unsupported photocopying expenses, and $409.28 for postage expenses.

In conclusion, the Court will award Mr. Brown $3,250.00[6] in fees and $529.17[7] in expenses for work performed on the Main Chapter 13 Case.

*Amount of Appropriate Compensation in the Adversary Proceeding*

■ Mr. Brown requests $5,814.00 in fees for work performed on the Adversary Proceeding. After considering the testimony of the witnesses called by the parties the Court finds that $5,814.00 in fees, with some modification, for work performed on the Adversary Proceeding is appropriate. The Court bases its finding largely on the results achieved and complexity of the issues involved, lodestar factors outlined in *Johnson.* Specifically, the Court notes that Mr. Brown was attempting to have Wells Fargo Financial reform the deed of trust it held in order to reduce the amount of collateral held by Wells Fargo Financial. To do so, Mr. Brown was forced to deal with the parol evidence rule and other complex contractual and land record legal issues. The complexity of these issues is

such that the Court finds the $5,814.00 in fees to be largely warranted.

■ The Court, however, takes issue with some of the charges Mr. Brown includes in his request for compensation. Mr. Brown includes charges made by Ela Berbic Brown, Mr. Brown's paralegal, for work done on what he terms "CM/ECF Notice." The Court's own experience is that CM/ECF Notice relates to the notice received by attorneys when they file documents on the Court's electronic filing system. Any time spent reviewing these notices and "updating the client's file," as Mr. Brown describes the work performed, is merely clerical in nature and therefore, does not qualify for compensation under § 330. *In re C & J Oil Co., Inc.*, 81 B.R. 398, 404 (Bankr.W.D.Va.1987). In total, Ms. Brown spent .46 hours doing such work. Ms. Brown charges $100.00 per hour. Thus, the total cost for Ms. Brown's work on the CM/ECF matters is $46.00. Since such work constitutes clerical work and is not entitled to compensation the Court will reduce the amount awarded to Mr. Brown by $46.00.

■ Mr. Brown also includes in his fee request $270.00 in fees which represent .6 hours worked at the rate of $450.00 an hour. Mr. Brown contends that the $450.00 per hour is for time spent in court and is provided for in the Retainer Agree-

---

4. Additionally, *In re Wyche*, 425 B.R. 779, 797 (Bankr.E.D.Va.2010) holds that in order to be considered necessary, a party seeking reimbursement for photocopying expenses incurred in a case must demonstrate that the photocopies are "necessary for compliance with directives governing attorneys handling Chapter 13 cases." All other photocopies are considered overhead and thus, may not be billed as separate expense items. *Id.* at 795. The distinction between necessary photocopies and all other forms of photocopying is that an applicant is not entitled to be reimbursed for unnecessary photocopies but is entitled to reimbursement for those photocopies deemed

necessary by the court. The Court notes that in addition to not setting forth a sufficient description of the photocopying expenses incurred, Mr. Brown has not justified the necessity of the photocopying expenses he incurred. Mr. Brown will be allowed leave to submit additional information with respect to per copy cost and the necessity of copy costs.

5. $506.55 = $7.95 + $483.90 + $14.70

6. $3,250.00 = $2,650.00 + $600.00.

7. $529.17 = $1,445.00–$506.55–$409.28

ment. The Court, here, does not determine whether a lawyer may charge a different rate for time spent in court than the lawyer charges for time spent out of court. Rather the Court will address the $450.00 per hour rate. The Court finds that based upon its extensive experience in the Western District of Virginia the rate of $450.00 per hour for a lawyer with Mr. Brown's experience is unnecessarily high. Mr. Brown produced no evidence that would qualify him for allowance of this hourly rate. In fact, some of his testimony would indicate to the contrary.[8] The Court finds that the appropriate rate is $250.00 per hour. When the $250.00 per hour rate is applied to the .6 hours Mr. Brown spent in court, the Court finds that Mr. Brown has earned $150.00[9]. The difference between the $270.00 requested and the $150.00 awarded is $120.00[10]. Accordingly, the Court will reduce the amount awarded to Mr. Brown by $120.00.

■ Lastly, the Court will reduce the amount awarded to Mr. Brown by $487.50 which represents 1.95 hours of work performed at $250.00 per hour for which the descriptions contained in Mr. Brown's time records are inadequate to inform the Court about what the time entries were for.[11] *See, C & J Oil* 81 B.R. at 403 (citing *In re Wabash Valley Power Ass'n, Inc.,* 69 B.R. 471, 479 (Bankr.S.D.Ind.1987)) ("it is necessary that counsel keep contemporaneous time records of services rendered which are detailed and reveal the substance necessary for the bankruptcy court to make an informed ruling on whether the services were of value of the administration of the estate. Mere listing of phone conferences or telephone calls or conferences without more description is not sufficient for compensation.")

After reducing for time spent on clerical matters, reducing for Mr. Brown's charges for time spent in court, and reducing for time attributed to work that cannot be determined, the Court finds it appropriate to award Mr. Brown $5,160.50[12].

In addition to the fees requested, Mr. Brown requests reimbursement for $272.00 in expenses incurred for the prosecution of the Adversary Proceeding. The Court notes that the expense request includes $19.05 for photocopying expenses. Mr. Brown, however, does not state the number of pages copied. Thus, it is impossible for the Court to determine whether Mr. Brown applied the Court mandated rate of 15¢ per page. Therefore the Court shall reduce the $272.00 amount requested by $19.05 and as with the expenses in the Main Chapter 13 Case, Mr. Brown will be permitted to supplement his request with cost per copy and necessity. The Court awards Mr. Brown $252.95[13] for reimbursement of expenses incurred for the prosecution of the Adversary Proceeding.

---

8. For example, Mr. Brown testified that this case was one he undertook after an illness caused him to be absent from the practice of law for a period of time sufficient in length to require that reorient himself to bankruptcy practice and bring himself current on the state of practice and procedure in bankruptcy.

9. $150.00 = $250.00 × .6 hours

10. $120 = $270.00–$150.00

11. See time entries on April 8, 2010, April 13, 2010, April 15, 2010, April 16, 2010, April 26, 2010, April 27, 2010, April 28, 2010, May 4, 2010, May 10, 2010, June 3, 2010, June 11, 2010, and June 14, 2010.

12. $5,160.50 = $5,814.00–$46.00–$120.00–$487.50

13. $252.95 = $272.00–$19.05

*Conclusion*

The Court finds it appropriate to award Mr. Brown $8,410.50 [14] for legal services and $782.12 for expenses incurred. Accordingly, it is

**ORDERED**

That the Application for Compensation is **GRANTED** in the amount of $8,410.50 for legal services and $782.12 [15] for expenses incurred. Applicant will have thirty (30) days from the date of this Decision and Order to supplement his request for copy costs. It is,

**FURTHER ORDERED**

That should Mr. Brown timely file evidence with the Court in order to supplement his request for reimbursement of expenses, the United States Trustee has twenty days from the date of Mr. Brown's filing his supplemental evidence to object or otherwise respond to the evidence submitted.

Copies of this order are directed to be sent to counsel for the Debtors, Harry W. Brown, Esquire; to the Chapter 13 Trustee, Herbert L. Beskin, Esquire; and to the U.S. Trustee, Margaret K. Garber, Esquire.

14.   $8,410.50 = $3,250.00 + $5,160.50

15.   $782.12 = $529.17 + $252.95